661 A.2d 405

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Alfred Franklin LUTZ.**

Superior Court of Pennsylvania.

Submitted March 28, 1995.

Filed July 12, 1995.

W. Andrew Worthington, Asst. Dist. Atty., Stroudsburg, for the Com., appellant.

Colleen M. Nevins, Asst. Public Defender, Stroudsburg, for appellee.

Before BECK, TAMILIA and CERCONE, JJ.

CERCONE, Judge:

This is an appeal by the Commonwealth of an order of the lower court granting appellee's petition for habeas corpus relief. We reverse and remand.

The lower court stated the procedural history of the case as follows:

On February 16, 1994, Defendant, Alfred Franklin Lutz, was arrested and charged with driving under the influence of alcohol, 75 Pa.C.S.A. § 3731(a)(1), and various related traffic offenses following an automobile accident in Mount Pocono. At a preliminary hearing on March 22, 1994 before District Justice Dennis, the charge was held over for trial.

On April 4, 1994, Defendant filed a Petition for Habeas Corpus alleging that the Commonwealth failed to establish a *prima facie* case of driving under the influence of alcohol. A hearing was scheduled for April 15, 1994; however, no witnesses appeared. This Court directed the Commonwealth to evaluate the substance of Defendant's allegations as set forth in the habeas petition. On May 31, 1994, Defendant filed a second Petition for Writ of Habeas Corpus. A hearing was held on June 16, 1994.

Trial court opinion, July 11, 1994, at 1–2.

At the hearing, police officer John Uhler testified. He indicated that he had specific training in determining whether a person is intoxicated. N.T., June 16, 1994, at 5. On February 16, 1994, Officer Uhler was called to the site of the accident at issue. *Id.* at 6. There were two cars involved. One, a Nissan Pathfinder, was facing east on the westbound side of the road with its back end in a snow bank. *Id.* The other was a dark-colored Pontiac Sunbird. *Id.* Officer Uhler first stopped at the Pathfinder. He saw that the people in that vehicle were unharmed, so he went to the next car. *Id.* Appellee was leaning against the side of the car. *Id.* When

Officer Uhler approached appellee, he noticed that appellee's eyes were extremely bloodshot and his face was very red. *Id.* at 7. Officer Uhler also detected a strong odor of an alcoholic beverage on appellee's breath. *Id.* The police officer stated that he observed a six pack of beer in the back seat area, with three full beers in it. There was an empty bottle laying on the floor in the rear and another empty one on the front, driver's side floor. *Id.* Officer Uhler walked appellee to his police car. He observed appellee having a difficult time getting into the car. *Id.* at 9. He told appellee that he knew that appellee was drunk and appellee agreed that he was. *Id.* In Officer Uhler's opinion, appellee was well beyond the legal limits of intoxication and unable to safely operate a motor vehicle. *Id.* at 11.

Mary Mate also testified at the hearing. Ms. Mate is an emergency medical technician who was driving her car in front of appellee's at the time of the incident. *Id.* at 21. Ms. Mate testified that as she came to a red light and was stopping, appellee, who was behind her, went around her and ran the red light. *Id.* She went up to his car to offer assistance. *Id.* Ms. Mate testified that appellee was very belligerent, very nervous, and appeared to have been drinking. *Id.* She also indicated that she noticed a slight smell of alcohol on appellee. *Id.* at 25.

Appellee testified that he had had two beers at lunchtime, several hours before the accident. *Id.* at 35. However, he indicated that he had not drunk any of the beer in the six-pack that was in the car on the day of the accident. *Id.* at 33.

The lower court granted appellee's petition for habeas corpus relief and dismissed the charge. The court reasoned that "[t]he evidence was not sufficient to establish substantial impairment of the normal faculties essential to the safe operation of an automobile, an element necessary to sustain a charge of driving under the influence." *Id.* at 4–5. The Commonwealth filed a timely appeal of the lower court's order in which it raised the following issue: whether the Commonwealth presented a prima facie case at the habeas corpus proceeding sufficient to require the defendant to stand trial?

A pre-trial petition for writ of habeas corpus is similar in purpose to a preliminary hearing. *Commonwealth v. Scott,* 396 Pa.Super. 339, 578 A.2d 933 (1990), *appeal denied,* 528 Pa. 629, 598 A.2d 283 (1991). The focus of a pre-trial habeas corpus petition is on whether the Commonwealth possesses sufficient evidence to require a defendant to be held in government custody until he may be brought to trial. *Id.* at 347, 578 A.2d at 937. A petition for writ of habeas corpus "is the proper means for testing the finding that the Commonwealth has sufficient evidence to establish a *prima facie* case." *Commonwealth v. Morman,* 373 Pa.Super. 360, 363, 541 A.2d 356, 357 (1988). Proof of a prima facie case consists of the following: "the Commonwealth is required to present evidence with regard to each of the material elements of the charge and to establish sufficient probable cause to warrant the belief that the accused committed the offense." *Commonwealth v. McBride,* 528 Pa. 153, 158, 595 A.2d 589, 591 (1991). *Accord Commonwealth v. Neckerauer,* 421 Pa.Super. 255, 617 A.2d 1281 (1992).

The elements of the offense charged in the instant case were as follows:

§ 3731. Driving under influence of alcohol or controlled substance

*(a) Offense defined.*—A person shall not drive, operate or be in actual physical control of the movement of any vehicle:

(1) while under the influence of alcohol to a degree which renders the person incapable of safe driving;

. . . .

75 Pa.C.S.A. § 3731. Under this section, the Commonwealth is required to prove (1) that the defendant was operating a motor vehicle, (2) while under the influence of alcohol to a degree which rendered him incapable of safe driving. *Commonwealth v. Griscavage,* 512 Pa. 540, 517 A.2d 1256 (1986). In interpreting section 3731(a)(1), the Pennsylvania Supreme Court has held:

The statute does not require that a person be drunk, or intoxicated, or unable to drive his automobile safely in

traffic, but merely that the Commonwealth prove beyond a reasonable doubt that the defendant was operating his automobile under the influence of intoxicating liquor ... The statutory expression "under the influence of intoxicating liquor" includes not only all the well known and easily recognized conditions and degrees of intoxication, but also any mental or physical condition which is the result of drinking alcoholic beverages and (a) which makes one unfit to drive an automobile, or (b) which substantially impairs his judgment, or clearness of intellect, or any of the normal faculties essential to the safe operation of an automobile.

Thus, substantial impairment, in this context, means a diminution or enfeeblement in the ability to exercise judgment, to deliberate or to react prudently to changing circumstances and conditions. Its meaning is not limited to some extreme condition of disability.

*Commonwealth v. Griscavage*, 512 Pa. 540, 544–45, 517 A.2d 1256, 1258 (1986) (citations and emphasis omitted). The *Griscavage* court further stated that "[w]hen dealing with the question of driving under the influence we cannot condone a requirement that the driver exhibit some extreme eccentricity before allowing a reasonable inference of substantial impairment. *Id.* at 547, 517 A.2d at 1259. *Accord Commonwealth v. Weis*, 416 Pa.Super. 623, 611 A.2d 1218 (1992) (in prosecution under section 3731(a)(1), absence of extreme impairment or other tangible behavior is not necessarily dispositive of appellant's ability to operate his vehicle in a safe manner).

As we have previously indicated, to establish a prima facie case, the Commonwealth must (1) present evidence with regard to each of the material elements of the charge, and (2) establish sufficient probable cause to warrant the belief that the accused committed the offense. *Commonwealth v. McBride, supra*, 528 Pa. 153, 595 A.2d 589. In the instant case, the Commonwealth presented evidence that appellee was driving a motor vehicle, that at the time he was driving that motor vehicle, he exhibited many signs of intoxication and in the opinion of an experienced police officer at the scene, was intoxicated. The Commonwealth also produced evidence that

the motor vehicle appellee was driving ran a red light, ran off the road, and that another vehicle ran off the road at the same time. The Commonwealth thus presented evidence as to each of the material elements of the charge and established probable cause to warrant a belief that appellant committed the offense. Thus, the Commonwealth established a prima facie case.

We note the trial court's concern that the evidence presented did not establish a substantial impairment of the normal faculties due to the failure of the Commonwealth to offer evidence of any field sobriety or blood tests. We agree that the evidence which the Commonwealth presented at the instant hearing may not be sufficient to carry the Commonwealth's burden of proof at trial. However, the sufficiency of evidence required to establish a prima facie case does not rise to the level of that required to sustain a conviction. *See, e.g., Commonwealth v. Edwards,* 521 Pa. 134, 555 A.2d 818 (1989) (evidence is sufficient to sustain conviction if jury could reasonably have concluded that all the elements of the crime were established beyond a reasonable doubt). In addition, as we have previously indicated, "substantial impairment" under section 3731(a)(1) does not require an extreme condition of disability. *Commonwealth v. Griscavage, supra,* 512 Pa. 540, 517 A.2d 1256.

We conclude that a prima facie case was established and the lower court erred in granting appellee's petition for writ of habeas corpus.

Order reversed; case remanded to lower court for further proceedings; jurisdiction relinquished.