## Commonwealth v. Miller

C.P. of Centre County, no. CP-14-CR-1052-2005.

*Lance Marshall,* for Commonwealth.
*Casey McClain,* for defendant.

KISTLER, *J.,* November 14, 2005—Presently before this court is Seth M. Miller's (defendant) petition for writ of habeas corpus. This petition relates to a recent driving under the influence charge and defendant's refusal to submit a blood sample.

## FACTUAL BACKGROUND

On April 26, 2005, Trooper Rogers of the Pennsylvania State Police responded to a one vehicle accident on State Route 322 in Harris Township, Pennsylvania. The driver of the vehicle was defendant. After denying he had imbibed any alcoholic beverages, defendant later admitted to drinking "about four beers." (N.T. June 22, 2005 p. 8.) Trooper Rogers administered field sobriety tests to defendant. Defendant failed each test. Trooper Rogers then read defendant his *Miranda* warnings and the implied consent warnings to extract a blood sample. Trooper Rogers read aloud to defendant the old DL-27 form , but not the updated DL-26 form.[1] Trooper Rogers warned defendant that his license would automatically

---

1. Prior to the new driving under the influence law being enacted in February 2004, the only penalty for refusal of a blood test was a license suspension. The officer was required to inform a motorist that if he or she refused a blood test, their license would automatically be suspended. The form an officer was to read was the DL-27 form. Now, after February 2004, an officer must warn a motorist that if he or she refuses a blood test, their license will automatically be suspended and,

be suspended if he were to refuse the blood test, but failed to warn defendant of possible jail time and a fine as indicated in the updated DL-26 form. Having heard the penalty for refusal pursuant to the DL-27 form, defendant opted to refuse the blood test. Defendant now challenges the Commonwealth's sufficiency of evidence relating to the driving under the influence with refusal charge based on the theory that Trooper Rogers should have read him the DL-26 form, not the DL-27 form.

## DISCUSSION

"A pretrial petition for writ of habeas corpus is similar in purpose to a preliminary hearing. . . . The focus of a pretrial habeas corpus petition is on whether the Commonwealth possesses sufficient evidence to require a defendant to be held in government custody until he may be brought to trial. . . . A petition for writ of habeas corpus 'is the proper means for testing the finding that the Commonwealth has sufficient evidence to establish a *prima facie* case.' " *Commonwealth v. Lutz,* 443 Pa. Super. 262, 266, 661 A.2d 405, 407 (1995) (citations omitted) (emphasis in original) quoting *Commonwealth v. Morman,* 373 Pa. Super. 360, 363, 541 A.2d 356, 357 (1988).

In license suspension cases under section 1547(b) of the Vehicle Code, the Commonwealth must establish that the driver involved: "(1) was arrested for driving while under the influence of alcohol; (2) was asked to submit to a breathalyzer test; (3) refused to do so; and (4) was

---

if convicted, face mandatory jail time and a fine. The form an officer must now read is the DL-26 form.

specifically warned that a refusal would result in the revocation of his driver's license." *PennDOT v. O'Connell,* 521 Pa. 242, 248-49, 555 A.2d 873, 876 (1989).

"It shall be the duty of the police officer to inform the person that: (i) the person's operating privilege will be suspended upon refusal to submit to chemical testing; and (ii) if the person refuses to submit to chemical testing, upon conviction or plea of violating section 3802(a)(1), the person will be subject to penalties provided in section 3804(c)." 75 Pa.C.S. §1547(b)(2).

The DL-27 form, read if a driver violates section 3808(a)(2), addresses the illegal operation of a vehicle without an ignition lock. The DL-26 form, however, addresses a violation of section 3802 of the Vehicle Code. Section 3802 applies to the general impairment of a driver. The DL-27 form conspicuously states in large bold letters "Do Not Use This Form When 3802 DUI is Suspected (Use DL-26 instead)." Under the terms of the DL-27 form, a driver is faced with a penalty of at least a six-month license suspension. Under the terms of the DL-26, a driver faces a penalty of 12- to 18-month license suspension.

In the present case, Trooper Rogers read defendant the incorrect implied consent form. As stated earlier, the penalties for refusing a blood test under the DL-27 and the DL-26 forms are different. While Trooper Rogers advised defendant that a refusal of the blood test would result in a mandatory license suspension, he failed to inform defendant about the mandatory jail time and fine. This court believes these additional penalties are vital pieces of information for a driver in deciding whether to refuse or consent to a blood test.

The Commonwealth argues all it is required to prove is that defendant refused a chemical analysis of his blood. However, this court strains to see how defendant could refuse the terms and penalties of an improperly read form, as different penalties attach to different implied consent forms. Simply proving defendant refused a blood analysis fails to address the issue of penalty. For example, a defendant may choose to refuse a blood analysis if he or she will lose their license for six months. But, the same defendant may choose to consent to the same blood test if refusal would result in a license suspension of one year, as well as face jail time and a fine. As such, this court determines defendant did not give appropriate refusal of the implied consent form because Trooper Rogers read defendant the improper form.

## ORDER

And now, November 14, 2005, defendant Seth M. Miller's petition for writ of habeas corpus is hereby granted, as such count no. 1 of the information is dismissed.