**Commonwealth v. Curtin**

496

C.P. of Monroe County, no. 1036 CRIMINAL 2005.

*Robert A. Saurman,* for Commonwealth.
*James A. Swetz,* for defendant.

CHESLOCK, *J.,* January 26, 2006—Defendant is charged in the criminal information with involuntary deviate sexual intercourse (IDSI) forcible compulsion 18 Pa.C.S. §3123(a)(1), sexual assault 18 Pa.C.S. §3124.1, indecent assault without the consent of other 18 Pa.C.S. §3126(a)(1), indecent assault forcible compulsion 18 Pa.C.S. §3126(A)(2), selling/furnishing liquor

to minors 18 Pa.C.S. §6310.1(a), corruption of minors 18 Pa.C.S. §6301(a)(1), and contact/communication with minors 18 Pa.C.S. §6318(a)(1) following a non-consensual sexual encounter with a 17-year-old male on August 15, 2005 outside the Days Inn Motel in Stroudsburg.

At the preliminary hearing held on October 7, 2005, Senior District Judge Joan Hausman dismissed the charge of aggravated indecent assault 18 Pa.C.S. §3125 and bound over the above charges for the Court of Common Pleas. Defendant signed a waiver of appearance at arraignment on these charges on November 15, 2005.

On January 18, 2006, defendant filed a pretrial motion seeking habeas corpus relief arguing that the Commonwealth failed to establish a prima facie case concerning the "forcible compulsion" element of involuntary deviate sexual intercourse forcible compulsion (IDSI), 18 Pa.C.S. §3123(a)(1), and indecent assault forcible compulsion, 18 Pa.C.S. §3126(a)(2). Additionally, he seeks dismissal of unlawful contact with minors 18 Pa.C.S. §6318 for failure to establish a prima facie case on this charge at the preliminary hearing.

At the January 20, 2006 hearing on the matter, the Commonwealth submitted the transcript of the preliminary hearing, both sides offered their legal argument, but neither side offered witness testimony. Defendant submitted a brief in support of his argument.

On the afternoon of August 15, 2005, defendant, John R. Curtin, age 20, hosted a party in Room 214 of the Days Inn Motel, Stroudsburg. In addition to the defendant, the invited guests were four young men, ages 20,

17, 17, and 13 years old. All were invited by the defendant the day before the event. Defendant served beer (five cases stored in the bathtub) and Mike's Hard Lemonade to the underage guests. The alleged 17-year-old victim arrived at the party at 4:30 p.m. and over the course of the next several hours drank 10 beers. Around 9 p.m., he vomited several times. After lying down and resting for an hour, he got up and continued to drink. Defendant was also drinking. The effect on defendant's behavior included staggering, slurring his words, and hugging a lot of people.

At one point after victim resumed drinking, the defendant invited victim outside for a cigarette. While outside victim lit his cigarette and walked down six steps following the defendant. They walked in the direction of the pancake house next door. Then the victim stumbled and fell to the ground. As he attempted to get up, victim alleges that defendant grabbed him by his shorts and pulled the shorts down. (N.T. 16.) Defendant held on to victim by putting his hands around victim's waist and without using his hands put the victim's flaccid penis into his mouth. Victim struggled to get his penis out of defendant's mouth. "I had—when he was doing this I couldn't really breathe and then when I looked down I had noticed that my genitalia was in his mouth and that's when I started to push and shove." (N.T. 18.)

The Commonwealth's witness to the assault was the 13-year-old partygoer. This witness testified that he was not drinking but had ingested "a sip of Mike's Hard Lemonade." (N.T. 58.) He had been directed to check on the whereabouts of the two by his older brother who was

concerned for their safety. The witness testified, "I saw John's hands, like, on his hips and, like, after he pulled his [victim's] pants down he had him like gripped like this around his stomach and [victim] was, like, trying to run and I saw John's head in the genitalia area." (N.T. 49.) Witness did not see any actual contact between the defendant's mouth and victim's genitalia. Witness then returned to the motel and reported what he had observed to the other partygoers.

A petition for writ of habeas corpus is the proper manner to test a pretrial finding that the Commonwealth possesses sufficient evidence to establish a prima facie case. *Commonwealth v. Saunders,* 456 Pa. Super. 741, 745, 691 A.2d 946, 948 (1997). (citations omitted) To establish a prima facie case, "the Commonwealth is required to present evidence with regard to each of the material elements of the charge and to establish sufficient probable cause to warrant the belief that the accused committed the offense." *Commonwealth v. Lutz,* 443 Pa. Super. 262, 266, 661 A.2d 405, 407 (1995) citing *Commonwealth v. McBride,* 528 Pa. 153, 158, 595 A.2d 589, 591 (1991). The Commonwealth establishes a prima facie case when it produces evidence that, if accepted as true, would warrant the trial judge to allow the case to go to the jury. *Commonwealth v. Marti,* 779 A.2d 1177, 1180 (Pa. Super. 2001). (citations omitted) Moreover, the weight and credibility of the evidence are not factors at this stage, and the Commonwealth need only to demonstrate sufficient probable cause to believe the person charged has committed the offense. *Id.* at 1180. Inferences reasonably drawn from the evidence of record, which would support a verdict of guilty, are to be given

effect, and the evidence must be read in the light most favorable to the Commonwealth's case. *Commonwealth v. Owen,* 397 Pa. Super. 507, 510, 580 A.2d 412, 414 (1990).

Defendant seeks dismissal of charge of IDSI and the indecent assault charge arguing that the Commonwealth has failed to prove the element of "forcible compulsion" in each.

"Involuntary Deviate Sexual Intercourse (IDSI), 18 Pa.C.S. §3123 is defined:

"A person commits a felony of the first degree when the person engages in deviate sexual intercourse with complainant:

"(1) by forcible compulsion

"(2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;

"(3) who is unconscious or where the person knows that the complainant is unaware that the sexual intercourse is occurring;

"(4) where the person has substantially impaired the complainant's power to appraise or control his or her conduct by administering or employing, without the knowledge of the complainant, drugs, intoxicants, or other means for the purpose of preventing resistance;

"(5) who suffers from a mental disability which renders him or her incapable of consent; or [. . .]

"(7) who is less than 16 years of age and the person is four or more years older that the complainant and the complainant and person are not married to each other."

Defendant is charged under this statute under subsection (a)(1) by forcible compulsion.

Indecent Assault, 18 Pa.C.S. §3126 at the time of the alleged crime was defined as:

"A person who has indecent contact with the complainant or causes the complainant to have indecent contact with the person is guilty of indecent assault if:

"(1) the person does so without the complainant's consent;

"(2) the person does so by forcible compulsion;

"(3) the person does so by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;

"(4) the complainant is unconscious or the person knows that the complainant is unaware that the indecent contact is occurring;

"(5) the person has substantially impaired the complainant's power to appraise or control his or her conduct by administering or employing, without the knowledge of the complainant, drugs, intoxicants, or other means for the purpose of preventing resistance;

"(6) the complainant suffers from a mental disability which renders him incapable of consent;

"(7) the complainant is less that 13 years of age; or

"(8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other."

Defendant is charged under this statute under two sections: section (a)(1) without consent and section (a)(2)

by forcible compulsion. (Statute has since been revised, approved 11/23/05.)

Forcible compulsion is defined as compulsion by use of physical, intellectual, moral, emotional, or psychological force, either expressed or implied. The term includes, but is not limited to, compulsion resulting in another person's death, whether the death occurred before, during or after sexual intercourse. 18 Pa.C.S. §3101.

Our Supreme Court analyzed forcible compulsion in *Commonwealth v. Rhodes,* 510 Pa. 537, 510 A.2d 1217 (1986), holding that "forcible compulsion" as used in section 3121(1) (rape statute) includes not only physical force or violence but also moral, psychological, or intellectual force used to compel a person to engage in sexual intercourse against that person's will. The Superior Court had previously held that the test for "forcible compulsion" under the IDSI section of the Crimes Code is identical with the test for forcible compulsion under section 3121, the rape statute. *Commonwealth v. Williams,* 294 Pa. Super. 93, 439 A.2d 765 (1982).

*Rhodes* enunciated the factors used to determine whether forcible compulsion was present. It is based on a totality of the circumstances presented to the fact-finder. The factors to be weighed in that determination include the respective ages of the victim and the accused, the respective mental and physical conditions of the victim and the accused, the atmosphere and physical setting in which the incident was alleged to have taken place, the extent to which the accused may have been in a position of authority, domination or custodial control over the

victim and whether the victim was under duress. The list of possible factors is by no means exclusive. *Rhodes, supra* at 556, 510 A.2d at 1226.

In *Rhodes,* a 20-year-old defendant was found to have used forcible compulsion to engage in intercourse with an 8-year-old victim who knew defendant as a neighbor for three years. Defendant lured the victim into an abandoned building and raped her. There the court found that there was the element of forcible compulsion, or the threat of forcible compulsion that would prevent resistance by a person of reasonable resolution, inherent in the situation in which an adult who is with a child who is younger, smaller, less psychologically and emotionally mature, and less sophisticated than the adult, instructs the child to submit to the performance of sexual acts. *Rhodes, supra* at 557, 510 A.2d at 1226.

Courts have found forcible compulsion in situations where victim awoke from sleep to find defendant having sexual intercourse with victim and victim screamed and pushed defendant away (*Commonwealth v. Price,* 420 Pa. Super. 256, 616 A.2d 681 (1992)), where defendant pushed victim down on bed and victim begged defendant to stop and pushed defendant's head away as he attempted to perform oral sex on her, defendant then stood up and raped victim (*Commonwealth v. Graraffa,* 440 Pa. Super. 484, 656 A.2d 133 (1995)), and where victim was wheelchair bound, with a central nervous system disease, unable to speak and with little muscle strength and unable to defend against defendant performing oral sex on him (*Commonwealth v. Smolko,* 446 Pa. Super. 156, 666 A.2d 672 (1995)).

However, no forcible compulsion was found where victim stated "no" throughout her encounter with defendant and defendant pushed victim on to a bed prior to having sexual intercourse with her. Victim was not restrained in any manner during the penetration, and the weight of defendant's body on top of her was the only force applied. (*Commonwealth v. Berkowitz,* 537 Pa. 143, 641 A.2d 1161 (1994).) The court stated, "where there is a lack of consent, but no showing of . . . physical force, a threat of physical force or psychological coercion, the 'forcible compulsion' requirement . . . is not met." *Id.* at 149, 641 A.2d at 1164.

In applying the factors from *Rhodes* to the facts in this case, we find both victim and defendant to be close in age (17, 20), with no evidence of any physical incapacity on the part of the victim on the night of the alleged incident. Both victim and defendant were likely to have been impaired as a result of the excess alcohol consumption. The atmosphere and physical setting on the night of the incident was an underage drinking party at a local motel. The incident itself occurred outside in an area between the motel and another business on the same street. There is no indication that the defendant was in a position of authority or custodial control over the victim. Defendant was host of the party but victim was not dependent on him for shelter or transportation. There is no evidence that victim was under duress at the time of the incident. Defendant at the time of the incident was holding victim around the waist, victim's arms and legs were not restrained. Victim's testimony was that he pushed and shoved when he realized what was happening. Clearly there was no consent on the part of the vic-

tim. However, there does not exist any showing of physical force, threat of physical force or psychological coercion to meet the requirement of forcible compulsion.

Reviewing the factors used to assess whether forcible compulsion exists as outlined from *Rhodes* and applied in other cases, we find that there is insufficient evidence presented to meet the element of forcible compulsion. Commonwealth has failed to prove the element of forcible compulsion, therefore the charges of IDSI forcible compulsion 18 Pa.C.S. §3121(a)(1) and indecent assault forcible compulsion 18 Pa.C.S. §3126(a)(2) are dismissed.

Defendant also seeks dismissal of unlawful contact with a minor 18 Pa.C.S. §6318, arguing the statute requires the accused to solicit a minor to commit a sexual act. We disagree. Our reading of the statute is that it includes the actions allegedly committed by the defendant. "When interpreting a statute, our courts must give plain meaning to the words therein. 'It is not a court's place to imbue the statute with a meaning other than that dictated by the plain and unambiguous language of the statute.' " *Commonwealth v. James,* 863 A.2d 1179, 1182 (Pa. Super. 2004) (quoting *Commonwealth v. Engle,* 847 A.2d 88, 91 (Pa. Super. 2004)). (internal citation omitted) When the words of a statute are clear and free from all ambiguity, that plain language is generally the best indication of legislative intent. *Bowser v. Blom,* 569 Pa. 609, 807 A.2d 830, 835 (2002).

Unlawful contact with a minor 18 Pa.C.S. §6318 is defined as:

"A person commits an offense if he is intentionally in contact with a minor for the purpose of engaging in an

activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within the Commonwealth:

"(1) any of the offenses enumerated in chapter 31 (relating to sexual offenses).

"(2) open lewdness as defined in section 5901

"(3) Prostitution as defined in section 5902

"(4) Obscene and other sexual materials and performances as defined in section 5903

"(5) Sexual abuse of children as defined in section 6312

"(6) Sexual exploitation of children as defined in section 6320

" 'Contacts' is defined as direct or indirect contact or communication by any means, methods, or devise, including contact or communication in person . . . ."

Defendant is charged under section (a)(1) of the statute. This statute applies to the defendant where the defendant planned a party, contacted the victim and invited him to a party and then took sexual advantage of him. The defendant faces two charges enumerated in chapter 31, the sexual assault 18 Pa.C.S. §3124.1 and the indecent assault without the consent of other 18 Pa.C.S. §3126(a)(1). The contact between the defendant and victim was direct and in person, the defendant is alleged to have engaged in an offense enumerated in chapter 31 and in this instance both the person initiating the contact and the person contacted were within the Commonwealth. All of the elements of this statute have been met; the Commonwealth has met its burden.

Accordingly we enter the following order:

## ORDER

And now, January 26, 2006, the defendant's motion is granted in part and denied in part. The charges of involuntary deviate sexual intercourse forcible compulsion and indecent assault forcible compulsion are dismissed.