641 A.2d 1161

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Robert A. BERKOWITZ, Appellee.**

Supreme Court of Pennsylvania.

Argued May 5, 1993.

Decided May 27, 1994.

Reargument Denied July 5, 1994.

144

James P. Gregor, Dist. Atty., for appellant.

Michael M. Mustokoff, Mark B. Sheppard, Philadelphia, for appellee.

Ann Begler, Pittsburgh, amicus curiae, Pa. Coalition Against Rape.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

*OPINION OF THE COURT*

CAPPY, Justice.

We granted allocatur in this case to address the question of the precise degree of force necessary to prove the "forcible compulsion" element of the crime of rape.[1] In addition, our disposition of this case further defines the scope of the Rape Shield Law.[2]

The Commonwealth appeals from an order of the Superior Court which overturned the conviction by a jury of Appellee, Robert A. Berkowitz, of one count of rape and one count of indecent assault.[3] The judgment of the Superior Court discharged Appellee as to the charge of rape and reversed and remanded for a new trial on the charge of indecent assault because it found that evidence was improperly excluded under the Rape Shield Law. For the reasons that follow, we affirm the Superior Court's reversal of the conviction for rape, vacate its decision reversing and remanding the charge of indecent assault for a new trial, and reinstate the verdict of the jury as to indecent assault.

The relevant facts of this case are as follows. The complainant, a female college student, left her class, went to her dormitory room where she drank a martini, and then went to a lounge to await her boyfriend. When her boyfriend failed to appear, she went to another dormitory to find a friend, Earl Hassel. She knocked on the door, but received no answer. She tried the doorknob and, finding it unlocked, entered the room and discovered a man sleeping on the bed. The complainant originally believed the man to be Hassel, but it turned out to be Hassel's roommate, Appellee. Appellee asked her to stay for a while and she agreed. He requested a back-rub and she declined. He suggested that she sit on the bed, but she declined and sat on the floor.

1. 18 Pa.C.S. § 3121.

2. 18 Pa.C.S.A. § 3104.

3. 18 Pa.C.S. § 3126.

Appellee then moved to the floor beside her, lifted up her shirt and bra and massaged her breasts. He then unfastened his pants and unsuccessfully attempted to put his penis in her mouth. They both stood up, and he locked the door. He returned to push her onto the bed, and removed her undergarments from one leg. He then penetrated her vagina with his penis. After withdrawing and ejaculating on her stomach, he stated, "Wow, I guess we just got carried away," to which she responded, "No, we didn't get carried away, you got carried away."

■ In reviewing the sufficiency of the evidence, this Court must view the evidence in the light most favorable to the Commonwealth as verdict winner, and accept as true all evidence and reasonable inferences that may be reasonably drawn therefrom, upon which, if believed, the jury could have relied in reaching its verdict. *Commonwealth v. Davis*, 491 Pa. 363, 421 A.2d 179 (1980) If, upon such review, the Court concludes that the jury could not have determined from the evidence adduced that all of the necessary elements of the crime were established, then the evidence will be deemed insufficient to support the verdict. *Commonwealth v. Bryant*, 524 Pa. 564, 567, 574 A.2d 590, 592 (1990) (citing *Commonwealth v. Strong*, 522 Pa. 445, 563 A.2d 479 (1989)); *Commonwealth v. Hughes*, 521 Pa. 423, 430, 555 A.2d 1264, 1267 (1989) (citing *Commonwealth v. Harper*, 485 Pa. 572, 576–77, 403 A.2d 536, 538–39 (1979)); *Commonwealth v. Chambers*, 528 Pa. 558, 599 A.2d 630, 633 (1991).

The crime of rape is defined as follows:

§ 3121. Rape

A person commits a felony of the first degree when he engages in sexual intercourse with another person not one's spouse:

(1) by forcible compulsion;

(2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;

(3) who is unconscious; or

(4) who is so mentally deranged or deficient that such person is incapable of consent.

18 Pa.C.S.A. § 3121. The victim of a rape need not resist. 18 Pa.C.S.A. § 3107. "The force necessary to support a conviction of rape ... need only be such as to establish lack of consent and to induce the [victim] to submit without additional resistance.... The degree of force required to constitute rape is relative and depends on the facts and particular circumstance of the case." *Commonwealth v. Rhodes,* 510 Pa. 537, 554, 510 A.2d 1217 (1986) (citations omitted.)

 In regard to the critical issue of forcible compulsion, the complainant's testimony is devoid of any statement which clearly or adequately describes the use of force or the threat of force against her. In response to defense counsel's question, "Is it possible that [when Appellee lifted your bra and shirt] you took no physical action to discourage him," the complainant replied, "It's possible." When asked, "Is it possible that [Appellee] was not making any physical contact with you ... aside from attempting to untie the knot [in the drawstrings of complainant's sweatpants]," she answered, "It's possible." She testified that "He put me down on the bed. It was kind of like—He didn't throw me on the bed. It's hard to explain. It was kind of like a push but not—I can't explain what I'm trying to say." She concluded that "it wasn't much" in reference to whether she bounced on the bed, and further detailed that their movement to the bed "wasn't slow like a romantic kind of thing, but it wasn't a fast shove either. It was kind of in the middle." She agreed that Appellee's hands were not restraining her in any manner during the actual penetration, and that the weight of his body on top of her was the only force applied. She testified that at no time did Appellee verbally threaten her. The complainant did testify that she sought to leave the room, and said "no" throughout the encounter. As to the complainant's desire to leave the room, the record clearly demonstrates that the door could be unlocked easily from the inside, that she was aware of this fact, but that she never attempted to go to the door or unlock it.

■ As to the complainant's testimony that she stated "no" throughout the encounter with Appellee, we point out that, while such an allegation of fact would be relevant to the issue of consent, it is not relevant to the issue of force. In *Commonwealth v. Mlinarich*, 518 Pa. 247, 542 A.2d 1335 (1988) (plurality opinion), this Court sustained the reversal of a defendant's conviction of rape where the alleged victim, a minor, repeatedly stated that she did not want to engage in sexual intercourse, but offered no physical resistance and was compelled to engage in sexual intercourse under threat of being recommitted to a juvenile detention center. The Opinion in Support of Affirmance acknowledged that physical force, a threat of force, or psychological coercion may be sufficient to support the element of "forcible compulsion", if found to be enough to "prevent resistance by a person of reasonable resolution." However, under the facts of *Mlinarich*, neither physical force, the threat of physical force, nor psychological coercion were found to have been proven, and this Court held that the conviction was properly reversed by the Superior Court. Accordingly, the ruling in *Mlinarich* implicitly dictates that where there is a lack of consent, but no showing of either physical force, a threat of physical force, or psychological coercion, the "forcible compulsion" requirement under 18 Pa.C.S. § 3121 is not met.[4]

Moreover, we find it instructive that in defining the related but distinct crime of "indecent assault" under 18 Pa.C.S. § 3126, the Legislature did not employ the phrase "forcible

4. The Opinion in Support of Reversal in *Mlinarich* did not take issue with the implicit holding of the Opinion in Support of Affirmance that something more than a lack of consent is required to prove "forcible compulsion." The Opinion in Support of Reversal acknowledged a general legislative intent to introduce an objective standard regarding the degree of physical force, threat of physical force, or psychological coercion required under 18 Pa.C.S. § 3121, in that it must be sufficient to "prevent resistance by a person of reasonable resolution," but argued that the "peculiar situation" of the victim and other subjective factors should be considered by the court in determining "resistance," "assent," and "consent," and that under the specific circumstances in *Mlinarich* sufficient facts were set forth to allow a finding of the requisite degree of psychological coercion to support the forcible compulsion element of 18 Pa.C.S. § 3121. *Mlinarich* 518 Pa. at 270, 542 A.2d at 1347.

compulsion" but rather chose to define indecent assault as "indecent contact with another ... *without the consent of the other person."* (Emphasis added.) The phrase "forcible compulsion" is explicitly set forth in the definition of rape under 18 Pa.C.S. § 3121, but the phrase *"without the consent of the other person,"* is conspicuously absent. The choice by the Legislature to define the crime of indecent assault utilizing the phrase "without the consent of the other" and to not so define the crime of rape indicates a legislative intent that the term "forcible compulsion" under 18 Pa.C.S. § 3121, be interpreted as something more than a lack of consent. Moreover, we note that penal statutes must be strictly construed to provide fair warning to the defendant of the nature of the proscribed conduct. 1 Pa.C.S.A. § 1928; 18 Pa.C.S.A. § 104.

Reviewed in light of the above described standard, the complainant's testimony simply fails to establish that the Appellee forcibly compelled her to engage in sexual intercourse as required under 18 Pa.C.S. § 3121. Thus, even if all of the complainant's testimony was believed, the jury, as a matter of law, could not have found Appellee guilty of rape. Accordingly, we hold that the Superior Court did not err in reversing Appellee's conviction of rape.

█ As to the indecent assault charge, the Superior Court reversed the trial court's judgment of sentence and remanded for a new trial, holding that the trial court had erred by excluding evidence proffered by Appellee. Defense counsel attempted to admit evidence of the jealous nature of the victim's boyfriend. Defense counsel wanted to argue before the jury that the boyfriend was jealous because he believed that the victim had been unfaithful to him, that the victim and her boyfriend had argued over the issue of her alleged infidelity, and that it was the victim's fear of her boyfriend's jealousy which motivated her to accuse Appellee of rape. The trial court allowed defense counsel to offer evidence of frequent fights between the victim and her boyfriend, but excluded any mention that the content or subject matter of these fights involved the victim's alleged infidelity, citing the Rape Shield Law.

■ The Superior Court held that the trial court had erred in its application of the Rape Shield Law, finding that because the proffered evidence was *not that the victim had, in fact, been unfaithful,* but rather only that the victim and her boyfriend had argued over *whether or not she had been unfaithful,* the Rape Shield Law was not seriously implicated. In this Court's view, the Rape Shield Law does not recognize such a distinction.

The Rape Shield Law provides in pertinent part as follows:

### § 3104. Evidence of victim's sexual conduct

(a) **General rule.**—Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victims's past sexual conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

18 Pa.C.S. § 3104(a). The purpose of the Rape Shield Law is to prevent a sexual assault trial from degenerating into an attack upon the victim's reputation for chastity. *See Commonwealth v. Johnson,* 536 Pa. 153, 638 A.2d 940 (1994); *Commonwealth v. Majorana,* 503 Pa. 602, 470 A.2d 80 (1983). The allegation that the victim and her boyfriend had argued over the issue of her infidelity is so closely tied to the issue of the victim's fidelity itself that, for the purposes of the Rape Shield Law, they are one and the same. This is precisely the type of allegation regarding past sexual conduct from which the Rape Shield Law is specifically designed to protect victims.

■ Furthermore, the evidence presented at trial was sufficient to support Appellee's conviction of indecent assault. The crime of indecent assault is defined as follows:

### § 3126. Indecent Assault

A person who has indecent contact with another not his spouse, or causes such other to have indecent contact with

him is guilty of indecent assault, a misdemeanor of the second degree, if:

(1) He does so without the consent of the other person;

(2) He knows that the other person suffers from a mental disease or defect which renders him or her incapable of appraising the nature of his or her conduct;

(3) He knows that the other person is unaware that a indecent contact is being committed;

(4) He has substantially impaired the other person's power to appraise or control his or her conduct, by administering or employing without knowledge of the other drugs, intoxicants or other means for the purpose of preventing resistance; or

(5) The other person is in custody of law or detained in a hospital or other institution and the actor has supervisory or disciplinary authority over him.

18 Pa.C.S. § 3126.

As discussed earlier, the crime of indecent assault does not include the element of "forcible compulsion" as does the crime of rape. The evidence described above is clearly sufficient to support the jury's conviction of indecent assault. "Indecent contact" is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in either person." 18 Pa.C.S. § 3101. Appellee himself testified to the "indecent contact." The victim testified that she repeatedly said "no" throughout the encounter. Viewing that testimony in the light most favorable to the Commonwealth as verdict winner, the jury reasonably could have inferred that the victim did not consent to the indecent contact. Thus, the evidence was sufficient to support the jury's verdict finding Appellee guilty of indecent assault.

We hold that the trial court's application of the Rape Shield Law, excluding the proffered evidence under the instant facts, was not error, that the evidence was sufficient to support a conviction of indecent assault, and that the Superior Court's reversal of the trial court's order with regard to the indecent assault charge was error.

Accordingly, the order of the Superior Court reversing the rape conviction is affirmed. The order of the Superior Court reversing Appellee's conviction of indecent assault and remanding for a new trial is vacated. The conviction and the trial court's sentence on the indecent assault charge are reinstated.

LARSEN, J., did not participate in the decision of this case.

ZAPPALA, J., concurs in the result.

MONTEMURO, Senior Justice, was an appointed Justice of the Court at the time of argument.*

---

* Mr. Justice Montemuro is sitting by designation as senior justice pursuant to Judicial Assignment Docket No. 94 R1800, due to the unavailability of Mr. Justice Larsen, see No. 127 Judicial Administration Docket No. 1, filed October 28, 1993.