711 A.2d 464

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Paul A. RICHTER, Appellant.**

Supreme Court of Pennsylvania.

Argued May 1, 1997.

Decided April 24, 1998.

Reargument Denied June 26, 1998.

David D. Wasson, III, Richard T. Brown, Jr., Philadelphia, for Paul A. Richter.

Catherine Marshall, Peter J. Gardner, Philadelphia, for Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION

CASTILLE, Justice.

We granted allocatur in this case to address whether a court can properly admit evidence in a rape trial of the defendant's past sexual assaults against the victim to explain the victim's failure to resist and to establish that the intercourse occurred through forcible compulsion or the threat of forcible compulsion. For the reasons expressed herein, we affirm the Superior Court.

On October 27, 1994, a jury found appellant guilty of the rape,[1] indecent assault,[2] and unlawful restraint[3] of his ex-wife. Appellant was sentenced to consecutive prison terms of six to twenty years for the rape conviction, and eight to sixteen months for the indecent assault conviction.[4]

The record below establishes the following: On May 6, 1993, at approximately 7:30 a.m., appellant called his ex-wife, the victim, and asked if he could come to her house to show her photographs of their son's First Communion party. She agreed and appellant arrived at approximately 9:15 a.m. Appellant accepted a cup of coffee from his ex-wife and they sat down on the couch. After they viewed the photographs, appellant unzipped his pants, took out his penis and asked her to perform fellatio, and then he asked if she was going to "be nice", which she testified from her experience meant that he wanted to have sexual relations with her.

The victim testified that she told her ex-husband "no" and that sexual intercourse could cause her to lose the baby she was carrying.[5] The victim then got up and went into the

1. 18 Pa.C.S. § 3121.

2. 18 Pa.C.S. § 3126.

3. 18 Pa.C.S. § 2902.

4. A finding of guilty without further penalty was entered on the unlawful restraint conviction.

5. The victim was thirty-seven years old and nineteen weeks pregnant at the time of the incident. She had miscarried the year before and because she had vaginal bleeding along with other risk factors, her pregnancy had been classified as high risk. Her health care providers warned her that any sexual intercourse could cause her to miscarry.

kitchen to get more coffee. Appellant followed her and, from behind, put his hands under her shirt and fondled her breasts. Appellant told the victim that she should "be nice" and that he would not hurt her. The victim told appellant to stop and pushed his hands away.

As the victim leaned over to put a coffee cup down on the table, appellant held her down by the shoulder and pulled down her pants. Appellant told her that if she wanted anything for their son, she must have sexual intercourse with him "one last time." Appellant then inserted his penis into the victim's vagina from the rear for approximately a minute and a half. While this was occurring, the victim was crying and repeatedly telling appellant to stop. After finishing sexual intercourse appellant left the house and threw twenty dollars at the victim.

The crime of rape was defined at the time of this incident as follows:

A person commits a felony of the first degree when he engages in sexual intercourse with another person not his spouse:

(1) by forcible compulsion;

(2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution; ...

18 Pa.C.S. § 3121. The victim of a rape need not resist. 18 Pa.C.S. § 3107. However, in *Commonwealth v. Berkowitz,* 537 Pa. 143, 641 A.2d 1161, 1163 (1994), this Court held that where there is a lack of consent, but no showing of a threat of physical force, the forcible compulsion requirement is not met. Prior to trial, appellant indicated to the court that his defense would be based on a theory that there was no actual forcible compulsion or threat of force, and that this incident was part of a consensual sexual relationship between himself and his ex-wife. The Commonwealth in response filed a motion seeking to introduce two prior incidents of assaults by appellant on his ex-wife in order to prove the element of threat of forcible compulsion as required by the statute. The Commonwealth's motion was granted by the trial court.

The record reflects that the first incident of assault occurred on June 17, 1983, after appellant and his wife had separated. Appellant arrived at the victim's home and accosted her in the front yard. In an attempt to calm appellant down she agreed to take a ride with him in his van. During this ride, appellant stopped the van and proceeded to rape the victim on the floor of the van amidst his plumbing supplies. After he ended his assault, he inserted a brush dipped in plumber's glue into her vagina and told her that if he could not have her, no one would.

The victim received medical attention at a hospital, which led to charges of rape and other related offenses being lodged against appellant. The rape charge was ultimately withdrawn because the victim was hesitant about testifying at trial; however, appellant pleaded guilty to a charge aggravated assault. Appellant was sentenced to probation, which included the condition that he stay away from the victim. Notwithstanding the court's order that appellant stay away from the victim, approximately six weeks later appellant moved back into the victim's home with the victim. Appellant and the victim proceeded to have a child in 1984.

The second incident of assault occurred on September 24, 1986, after appellant and the victim were divorced. When the victim arrived at appellant's home to return their son from a visit, appellant struck her in the face, breaking a tooth, and proceeded to force her to engage in sexual intercourse. Although the victim was hospitalized, after this incident, she did not report the matter to the police.

When the victim testified at trial in the instant matter, during direct testimony the prosecutor asked the victim why she did not resist her ex-husband's advances or fight back. The victim said that she was fearful for the safety of her unborn child and that she knew from previous experience what appellant would do to her if she were to resist. She then proceeded to relate to the jury the two previous incidents described above.

 The admissibility of evidence is a matter addressed to the discretion of the trial court and may be reversed only upon a showing that the court abused its discretion. *Commonwealth v. LaCava*, 542 Pa. 160, 172, 666 A.2d 221, 227 (1995). Evidence of prior bad acts are generally not admissible if offered merely to show bad character or a propensity for committing bad acts. *Commonwealth v. Simmons*, 541 Pa. 211, 240, 662 A.2d 621, 635 (1995). Exceptions to this general proscription exist in special circumstances where the evidence is relevant for some other legitimate purpose and not merely designed generally to prejudice the defendant by showing him to be a person of bad character. *Id.*

In the present case, the Superior Court created a new exception specifically for rape cases; that is, to allow the admission of evidence of prior bad acts in rape cases, in essence, to satisfy the "threat of forcible compulsion" provision of the rape statute. While we agree that the evidence was properly admitted, we diverge from the Superior Court's creation of this "rape exception" since such evidence was properly admissible under an existing exception. Thus, we affirm the Superior Court, but on different grounds.

In *Commonwealth v. Claypool*, 508 Pa. 198, 495 A.2d 176 (1985), this Court created an exception to the general prohibition against the use of prior bad acts where force or threat of harm is an element of the offense. The victim in *Claypool* testified that when she was attacked, the defendant told her that he had been in jail previously for rape, and that this statement, along with other factors, placed her in fear and intimidated her. This Court held:

> [W]hen there is evidence that a statement about prior criminal activity was made by the defendant in order to threaten and intimidate his victim, and when force or threat of harm is an element of the crime for which the defendant is being tried, such evidence is admissible.

*Id.* at 205, 495 A.2d at 179.

 In the present case, although appellant did not make a statement which could be construed as threatening or intimi-

dating his victim, given his past history of physically abusive conduct towards the victim, his earlier actions were intimidating and threatening and spoke louder than mere words. Evidence of appellant's prior intimidation of the victim, either verbal or physical, were properly admitted to prove the element of forcible compulsion or threat of forcible compulsion where the victim testifies that she did not consent to the act of intercourse.

██ We note, as we did in *Claypool,* that our failure to allow the admission of such evidence would, in essence, grant immunity to criminals for their deliberate intimidation, whether it be by statements to the victim of their criminal past or whether it be by physically abusive behavior with which the victim is all too familiar. Accordingly, the evidence presented here of appellant's prior forcible sexual assaults against the victim was relevant to establish the element of threat of forcible compulsion, and not merely to establish appellant's bad character. However, recognizing that evidence of prior criminal acts has the potential for misunderstanding on the part of the jury, we conclude that such evidence must be accompanied by a cautionary instruction which fully and carefully explains to the jury the limited purpose for which that evidence has been admitted. In this case, such an instruction was given. The trial court below correctly informed the jury that appellant was not on trial for the two prior incidents and that the victim's testimony, if accepted by the jury, was admitted for the sole purpose of showing that the act in question was performed against the victim's will and without her consent. The jury was further instructed that they would have to consider whether these prior incidents, in combination with the other evidence presented, would have prevented a reasonably resolute female from resisting if she was in the same situation as the victim. This limiting instruction properly explained the purpose for which the evidence was to be used by the jury, and it is presumed that the jury followed the instruction absent evidence to the contrary. *Commonwealth v. Bronshtein,* 547 Pa. 460, 691 A.2d 907, 916 n. 16 (1997).

Accordingly, the order of the Superior Court affirming the trial court's judgment of sentence is affirmed.

ZAPPALA, J., files a concurring opinion in which FLAHERTY, C.J., and NIGRO, J., join.

ZAPPALA, Justice, concurring.

I agree that evidence of Appellant's past sexual assaults of the victim is admissible under the facts of this case to establish a lack of consent. I write separately, however, to disassociate myself from that portion of the majority opinion which relies on *Commonwealth v. Claypool*, 508 Pa. 198, 495 A.2d 176 (1985), to reach that conclusion.

In *Commonwealth v. Claypool*, the defendant was convicted of rape, involuntary deviate sexual intercourse and simple assault. At trial, the defendant admitted to engaging in sexual acts but contended that the victim consented. The Commonwealth introduced evidence that the defendant placed the victim in fear during the assault by telling her that he had previously served time in jail for rape.[1] Thus the evidentiary question was whether the *defendant's statement* was admissible to establish the "threat of forcible compulsion" element of rape. We held that "when there is evidence that a statement about prior criminal activity was made by the defendant in order to threaten and intimidate his victim, and when force or threat of harm is an element of the crime for which the defendant is being tried, such evidence is admissible." *Id.* at 205, 495 A.2d at 179.

Unlike *Claypool*, the instant case does not involve a statement made by the defendant to threaten or intimidate his victim. Instead, the victim testified regarding Appellant's past criminal conduct, i.e., that he had previously sexually assaulted her.[2] Accordingly, I find that reliance on *Claypool* is misplaced.

1. Evidence was also presented that the defendant intimidated the victim by threatening her with a gun and by grabbing her and throwing her onto a bed.

2. The majority summarily notes this distinction, op. at 466, but fails to recognize its significance.

Notwithstanding this conclusion, I agree that evidence of Appellant's prior sexual assaults of the victim was admissible. Generally, evidence of prior criminal activity is excluded because it is irrelevant and highly prejudicial. Here, the evidence is relevant to an element of the crime, that the sexual intercourse occurred through threat of forcible compulsion. The evidence was not being offered to establish a predisposition on the part of Appellant to commit a criminal act or as evidence that Appellant did in fact commit a prior criminal act. Under these circumstances, I am constrained to agree that the trial court did not abuse its discretion in admitting such testimony.

FLAHERTY, C.J., and NIGRO, J., join this Concurring Opinion.