J-S64042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MOHD THEEB EID | |
| Appellant | No. 3795 EDA 2015 |

Appeal from the Judgment of Sentence November 23, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001121-2015

BEFORE:  STABILE, J., SOLANO, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED SEPTEMBER 28, 2016**

Mohd Theeb Eid ("Appellant") appeals from the judgment of sentence entered by the Court of Common Pleas of Delaware County, which, sitting as finder of fact in Appellant's bench trial, found him guilty on two counts of Indecent Assault.  We affirm.

The trial court aptly sets forth the pertinent history of the case as follows:

> On January 11, 2014, Paula Teti and her children went into the United Furniture Store located at 5300 Baltimore Pike in Clifton Heights, Delaware County, Pennsylvania to purchase furniture. While inside the store, she was helped by the assistant manager, Appellant, Mohammed Eid.  She agreed to purchase a bed and loveseat and put her first deposit down on the furniture.  N.T. 9/1/15 at 6, 12.
>
> When Ms. Teti arrived home from the furniture store, the Appellant was in a black SUV at the foot of her driveway and he texted her.  She asked how do you know where I live and he

*Former Justice specially assigned to the Superior Court.

responded that he obtained her address from her billing statement. She told him he could not come inside. The Appellant then drove his SUV down the street and left after 15 minutes. N.T. at 12-13.

Two weeks later, Ms. Teti went back to the furniture store to make a [layaway] payment and the Appellant reached his arms out and grabbed her breasts. "He kept nudging me in the breasts . . . I said 'Can you stop? . . . You're putting your elbow in my breast.' And he said no, I'm not. And then we continued on with the furniture." N.T. at 15, 19. Ms. Teti went to the store approximately 3 or 4 times to make payments on the furniture and "basically paid it all off because of what was happening." N.T. at 18.

On the day the furniture was delivered to Ms. Teti's house, the two delivery men needed additional assistance because they had difficulty transporting the bed up the stairs. So, they contacted the Appellant. The Appellant came to the house and dismantled the headboard and broke it in the process. The delivery men left to retrieve the mattress from the store, and Ms. Teti and the Appellant were left alone upstairs except for her children playing nearby. The Appellant put the canopy on the bed and then he "grabbed my breasts again and he squeezed them. And then I grabbed the Defendant's both hands and i got him and I threw him down on the floor." N.T. at 23.

Ms. Teti also testified to another incident at the store [when she returned after delivery to inquire about the store's intentions with respect to the damaged bed] :

But there was an incident when he grabbed my breast in the store. I believe I like pushed him away from me. And I don't really -- I was trying to leave the store. I was trying to leave fast out of the store. And he put his hand between my legs and grabbed me between my legs. And I left the store. And I was so upset. I didn't know what to do. And I called the police. N.T. at 19.

On or about March 11, 2014, Appellant was charged by the Upper Darby Police Department inter alia with the crimes of: Indecent Assault Without Consent (2 counts), Indecent Assault by Forcible Compulsion (2 counts), and Stalking.

- 2 -

*** 

On August 31, 2015, Appellant waived his right to a jury trial and proceeded to a nonjury trial before the undersigned. On September 1, 2015, the Appellant was found Not Guilty -- of Indecent Assault by Forcible Compulsion, counts 6 and 7, Not Guilty -- of Stalking, count 12, and Guilty -- of Indecent Assault-Without Consent, counts 1 and 2. [The Commonwealth did not go forward on the remainder of the charges].

Prior to sentencing, the Court ordered a County Pre-Sentence Investigative Report and a psychiatric evaluation. On November 23, 2015, the Court sentenced the Appellant [to one year county probation on counts one and two, respectively, for an aggregate two year county probationary sentence with the additional directives that Appellant have no contact with the victim and that he register on the Megan's Law registry.

On December 18, 2015, Appellant filed a Notice of Appeal to the Superior Court of Pennsylvania from his Judgment of Sentence. On January 12, 2016, the Petitioner, through counsel, filed a [timely Pa.R.A.P. 1925(b) concise statement raising one issue directed to the sufficiency of the evidence to convict Appellant of Indecent Assault Without Consent].

Trial Court Opinion, filed February 18, 2016, at 1-4.

Our standard of review in a sufficiency of the evidence challenge is well-settled:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt

by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Tucker*, ___ A.3d ____, 2016 PA Super 157 (filed

July 19, 2016) (citation omitted).[1]

Specifically, Appellant challenges the sufficiency of the evidence to

support his convictions for indecent assault under 18 Pa.C.S. § 3126, which

provides, in relevant part, as follows:

> **(a) Offense defined.**—A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:
>
> (1) The person does so without the complainant's consent.

_____

[1] Appellant conflates the distinct concepts of weight and sufficiency of the evidence challenges in developing his sufficiency claim. Specifically, Appellant effectively advances a weight of the evidence claim where he relies on the testimony of defense witnesses who contradicted Ms. Teti's account to challenge the verdict. In this respect, he argues that both his own denial of touching Ms. Teti and the testimony of his co-worker, Gilbert Musa, who claimed he never observed inappropriate behavior and related that Ms. Teti always insisted on dealing exclusively with Appellant fatally impeached Ms. Teti's accusation. Because Appellant has not raised a weight of the evidence challenge, however, we do not address this aspect of his argument. In any event, the trial court correctly notes that mere conflicts in the testimony of the witnesses do not render the evidence insufficient because it is within province of the finder of fact to determine the weight to be given to testimony. **See Commonwealth v. O'Donnell**, 740 A.2d 198, 203 n.4 (Pa. 1999).

18 Pa.C.S. § 3126(a)(1). "Indecent Contact" is defined by section 3101 of the Crimes Code as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire in either person." 18 Pa.C.S. § 3101.

The crux of Appellant's sufficiency claim is that the Commonwealth's chief witness, Ms. Teti, failed to supply credible testimony to substantiate the charges against him. Other employees and customers on the storeroom floor were always nearby, Appellant maintains, and Ms. Teti's own mother and children were at the store on more than one occassion, and yet no one testified to observing the acts alleged by Ms. Teti. In Appellant's view, "it does not make sense that if, in fact, Ms Teti was assaulted as of the second visit to the store, she would return on numerous occasions thereafter and more importantly, would have this individual [Appellant] come to her home to put together and set up furniture." Appellant's brief at 9. There were two occasions when Appellant was at the victim's residence, but the police were never called, he continues. Overall, Ms. Teti's testimony was "scattered" and "confused" as to both dates and events, Appellant posits, and, therefore, insufficient to support the verdicts against him. *Id*.

Here, the court, sitting as finder of fact, credited Ms. Teti's testimony that Appellant had, on two separate occasions, touched her breasts and reached between her legs without her consent. The court explained:

> I find the testimony of Ms. Teti to be credible. Clearly in
> anguish, clearly clear about the behavior that occurred and
> clearly in anguish over it.... I believe that the emotions that she

displayed on the stand were real; they were believable.... And I don't have a reasonable doubt about whether or not any indecent contact took place.

N.T. 9/1/15, at 171, 172.

It is well-settled that the uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant. *See Commonwealth v. Andrulewicz*, 911 A.2d162, 166 (Pa.Super. 2007). Here, Ms. Teti's testimony, deemed credible by the finder of fact, was, as a matter of law, sufficient under the law to support guilty verdicts under Section 3126(a)(1). *See Commonwealth v. Richter*, 676 A.2d 1232, 1236 (Pa.Super. 1996) (holding Section 3126 indecent assault established by testimony that defendant placed hands under complainant's shirt and fondled her against her wishes), *aff'd* 711 A.2d 464 (Pa. 1998). Accordingly, we discern no merit with Appellant's sufficiency of the evidence challenge.

Judgment of sentence is affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/28/2016