J. S21023/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARCUS ANTHONY GAGOT, | : | |
| | : | |
| APPELLANT | : | |
| | : | No. 1110 WDA 2016 |

Appeal from the PCRA Order June 15, 2016
In the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0001892-2011

BEFORE: LAZARUS, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:                          **FILED APRIL 07, 2017**

Appellant, Marcus Anthony Gagot, appeals *pro se* from the Order entered in the Beaver County Court of Common Pleas denying his first Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The PCRA court's Pa.R.A.P. 1925(a) Opinion includes a thorough and complete narrative of the facts and procedural history in this case, which we adopt for purposes of our disposition. **See** PCRA Ct. Op., 8/22/16, at 1-4. We summarize the facts and procedural history as follows. On February 14, 2013, the trial court sentenced Appellant to 15 to 30 years' incarceration

---

[*] Retired Senior Judge assigned to the Superior Court.

following his jury conviction of four counts each of Aggravated Indecent Assault and Indecent Assault, two counts of Rape, and one count each of Statutory Sexual Assault, Sexual Assault, and Corruption of Minors. *See* 18 Pa.C.S.A. §§ 3125(a)(1), (2), (4), (8); 3126(a)(1), (2), (4), (8); 3121(a)(1), (3); 3122.1; 3124.1; 6301(a)(1). Appellant's victim was his then-girlfriend's 13-year-old daughter.

Appellant appealed his Judgment of Sentence, and this Court affirmed. *Commonwealth v. Gagot*, Nos. 943, 959 WDA 2013 (Pa. Super. filed April 25, 2014) (unpublished memorandum). The Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal on August 26, 2014. *Commonwealth v. Gagot*, 99 A.3d 76 (Pa. filed August 26, 2014).

On July 8, 2015, Appellant filed a *pro se* Petition under the PCRA raising claims of ineffective assistance of counsel and violation of his constitutional rights.[1] On July 13, 2015, the PCRA court appointed counsel to represent Appellant. On April 8, 2016, counsel filed a *Turner*/*Finley*[2] no-merit letter and sought to withdraw as Appellant's counsel.

---

[1] Specifically, in addition to his claims of ineffective assistance of counsel, Appellant alleged in his *pro se* Petition that government agents were biased against him, and that the Commonwealth failed to disclose exculpatory evidence, engaged in various acts of prosecutorial misconduct, and did not give Appellant a copy of his arrest warrant or a report prepared by CYS. He also alleged general violations of the Fifth, Sixth, and Eighth Amendments to the U.S. Constitution.

[2] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On April 14, 2016, the PCRA court issued a Pa.R.Crim.P. 907 Notice advising Appellant of its intent to dismiss his Petition without a hearing. In the Notice, the court concluded that Appellant's ineffective assistance of counsel claims lacked merit and that Appellant had previously litigated and/or waived his other claims, and granted counsel's request to withdraw. Appellant filed a *pro se* Response on May 20, 2016.

On June 15, 2016, the PCRA court dismissed Appellant's Petition without a hearing. Appellant filed a timely *pro se* Notice of Appeal on July 12, 2016. Appellant filed a second Notice of Appeal on July 28, 2016, after the Clerk of Courts notified him that he had failed to attach the required Proof of Service to his first Notice of Appeal.[3] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) Statement.

Appellant raises the following seven issues on appeal:

> 1. Did [c]ounsel render prejudicially ineffective assistance for failing to notice, make inquiry's [*sic*], and obtain a copy of the arrest warrant being that Appellant was not provided a copy pursuant to Pa.R.Crim.P 540(D)[?]
>
> 2. Did [c]ounsel render prejudicially ineffective assistance for failing to effectively cross-examine Ms. Valentine on her conflicting statements contained in Kathy Kloonan's report in comparison to her statements to [p]olice and on the stand, pursuant to Pa.R.E. 613[?]
>
> 3. Did counsel render prejudicially ineffective assistance for accepting a $3,000 retainer and failing to comply with

---

[3] This does not affect the validity of Appellant's appeal. ***See*** Pa.R.A.P. 902 ("Failure of an appellant to take any step other than the timely filing of a [N]otice of [A]ppeal does not affect the validity of the appeal[.]").

Pa.R.Crim.P. 120(A)(1), and thereby placing the Appellant at a disadvantage, unfairly, at a critical stage pursuant to **United States v. Cronic**, 466 U.S. 648[ (1984)?]

4. Did [c]ounsel render prejudicially ineffective assistance for failing to move the [c]ourt for an in-camera inspection of otherwise confidential information protected by law or statute with regard to only the verbatim statements made pertaining to the allegations pursuant to **Commonwealth v. Ritchie**, 509 Pa. 357, 502 A.2d 148 (1985), if not discoverable or within the possession of the Commonwealth[?]

5. Did [c]ounsel render prejudicially ineffective assistance for failing to familiarize himself with the process of DNA testing sufficiently to move the [c]ourt for the need of an expert, and to require the prosecution to produce the "Relative Fluorescence Unit" values report to better and effectively cross-examine Dr. Hai Sheng Li as his cross-examination of her was minimal an[d] inadequate[?]

6. Did the [t]rial [c]ourt err in its denial of Appellant's [M]otion for Judgment of Acquittal having failed to prove all the elements of "Forcible Compulsion" as required by [l]aw pursuant to **Commonwealth v. Berkowitz**, 537 Pa. 143[,] 641 A.2d 1161 [(Pa. 1994)?]

7. Did [the] Assistant District Attorney commit [p]rosecutorial [m]isconduct by failing to disclose complete discovery concerning the "Relative Fluorescence Unit" values of both DNA samples obtained and tested along with the report of Jennifer Wright of CYS, who interviewed Ms. Valentine being as Ms. Wright is a state actor pursuant to Pa.R.Crim.P. 573[?]

Appellant's Brief at vi (reordered for ease of disposition).

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if

they are supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2). Appellant must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

Appellant's first five issues challenge the PCRA court's conclusion that his trial counsel was not ineffective. Appellant's Brief at 5-16, 23-28. The law presumes counsel has rendered effective assistance. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on Appellant. ***Id***. To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings

would have been different. *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003).

The Honorable Kim Tesla, sitting as the PCRA court, has authored a comprehensive, thorough, and well-reasoned opinion, citing to the record and relevant case law in addressing Appellant's claims on appeal. After a careful review of the parties' arguments and the record, we affirm on the basis of the PCRA court's opinion. *See* PCRA Ct. Op., 8/22/16, at 7-15 (concluding that each of Appellant's ineffectiveness claims failed).

In Appellant's sixth issue, he claims the trial court abused its discretion in denying his Motion for Judgment of Acquittal. Appellant's Brief at 17-19.

The PCRA specifically permits challenges asserting (1) constitutional violations; (2) ineffective assistance of counsel; (3) an unlawful inducement of a guilty plea; (4) obstruction of a defendant's right to an appeal; (5) newly discovered exculpatory evidence that was not available at the time of the trial; (6) an imposition of a sentence greater than the lawful maximum; and (7) a lack of jurisdiction. *See* 42 Pa.C.S. § 9543(a)(2). Notably, a challenge to an order denying a Motion for Judgment of Acquittal is not included in this exhaustive list.

Because Appellant raises a claim that is not cognizable under the PCRA, we cannot grant him relief on this issue.[4]

---

[4] Moreover, Appellant has previously litigated this issue. *See* 42 Pa.C.S. § 9543(a)(3) (to be eligible for PCRA relief, a petitioner must plead and prove

In his last issue, Appellant claims the District Attorney committed prosecutorial misconduct by failing to disclose complete discovery. Appellant's Brief at 20-22. This claim is likewise not cognizable by the PCRA.

Moreover, our review of the certified record indicates that Appellant had the opportunity to litigate this claim at trial and on direct appeal, but failed to do so. *See* 42 Pa.C.S. § 9543(a)(3). Appellant is, therefore, not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2017

---

"[t]hat the allegation of error has not been previously litigated[.]"). The trial court denied his Motion for Judgment of Acquittal and Post-Sentence Motions challenging the weight and sufficiency of the Commonwealth's evidence, and this Court affirmed Appellant's Judgment of Sentence.