J-S45044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SAM KING | : | |
| | : | |
| Appellant | : | No. 2209 EDA 2018 |

Appeal from the Judgment of Sentence Entered June 6, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000557-2015

BEFORE:  BENDER, P.J.E., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED AUGUST 09, 2019**

Sam King (King) appeals from the judgment of sentence entered in the

Court of Common Pleas of Philadelphia County after a jury found him guilty of

Involuntary Deviate Sexual Intercourse by Forcible Compulsion (IDSI) and

Sexual Assault.[1]  On appeal, King challenges the sufficiency of the evidence

for his convictions.  We affirm.

In August 2014, R.M., the victim, met King through her friend and

throughout the next month, the three frequently watched TV and talked in

King's room in his boarding house.  At approximately 3:00 p.m. on September

16, 2014, R.M. went to King's room to pick up her cell phone.  After King let

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3123(a)(1), 3124.1.

R.M. into his room, King told R.M. that he had to find the phone charger. R.M. sat and waited on King's bed. King sat down beside her, rubbed her back and asked if could perform oral sex on her. R.M. told him no and moved his hand away. King then pushed R.M. down onto the bed, pulled her pants down and performed oral sex on her while holding her down by her chest. R.M. struggled and tried to push King off but could not. Despite her telling him to stop, King continued and inserted his penis into her vagina. When King eventually got up, R.M. grabbed her belongings and left.

The following day, R.M. went to a hospital and reported the assault. She met with a sexual assault nurse and underwent an examination that included a vaginal swab and taking photographs of bruises on her thighs. Later analysis of the swab revealed the presence of King's DNA.

King eventually proceeded to a March 2018 jury trial in which he conceded to having intercourse with R.M. but argued it was consensual. The jury acquitted him of Rape but found him guilty of IDSI and Sexual Assault. King was sentenced to serve 7½ to 15 years' imprisonment for IDSI and a consecutive term of 10 years' probation for Sexual Assault. King now challenges the sufficiency of evidence for both of his convictions.[2]

_____

[2] Our standard of review for sufficiency of the evidence claim is well settled:

> When evaluating a sufficiency claim, our standard is whether, viewing all the evidence and reasonable inferences in the light most favorable to the Commonwealth, the factfinder reasonably

In his first claim, King challenges the sufficiency of evidence for his conviction for IDSI. Under the subsection charged, a person commits IDSI "when that person engages in deviate sexual intercourse with a complainant … [b]y forcible compulsion[.]" 18 Pa.C.S. § 3123(a)(1). King argues that the Commonwealth failed to prove that he used "forcible compulsion" which is defined in the Crimes Code as "[c]ompulsion by use of physical, intellectual, moral, emotional or psychological force, either express or implied." 18 Pa.C.S. § 3101. However, rather than addressing the evidence of his use of physical force, King focuses instead on R.M. and contends that she did not resist or struggle enough to unequivocally convey her non-consent.

Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, there was sufficient evidence for the jury to conclude that King engaged in deviate sexual intercourse with R.M. through the use of physical force. R.M. testified that after she rejected King's initial advances, he "pushed" her back onto the bed and "held" her down by pushing her chest down while she told him, "No, I can't do this." N.T., 3/14/18, at 28. King

_____

could have determined that each element of the crime was established beyond a reasonable doubt. This Court considers all the evidence admitted, without regard to any claim that some of the evidence was wrongly allowed. We do not weigh the evidence or make credibility determinations. Moreover, any doubts concerning a defendant's guilt were to be resolved by the factfinder unless the evidence was so weak and inconclusive that no probability of fact could be drawn from that evidence.

*Commonwealth v. Kane*, 10 A.3d 327, 332 (Pa. Super. 2010).

then "ripped" off her pants and penetrated her vagina, first with his tongue and then his penis. *Id*. at 29. When King inserted his penis, R.M. continued to tell him "please stop." *Id*. at 30. R.M. testified that she physically struggled throughout the assault and attempted to push King off her but was unable to do so due to the size disparity. *Id*. at 29. This testimony was corroborated by photographs of the bruising on R.M.'s thighs, which she confirmed were not present before the assault. *Id*. at 40-42. All of this was sufficient to establish forcible compulsion by King.

Nevertheless, King cites *Commonwealth v. Berkowitz*, 641 A.2d 1161 (Pa. 1994), for the proposition that R.M.'s testimony was insufficient to establish IDSI by Forcible Compulsion. In *Berkowitz*, our Supreme Court reversed a Rape conviction due to insufficient evidence that the defendant used physical force. King highlights that the complainant in *Berkowitz* told the defendant "no" throughout the encounter yet the Court still found insufficient evidence to convict. *See id*. at 1164. However, in *Berkowitz*, the Commonwealth presented no evidence that the defendant used force or the threat of force against the complainant. In contrast, R.M.'s testimony was clear: King pushed her onto the bed and held her down while she struggled to free herself while he ripped off her pants to engage in deviate sexual intercourse. As a result, King's reliance on *Berkowitz* is misplaced and we conclude that his IDSI sufficiency challenge fails.

Next, King raises a sufficiency challenge to his conviction for Sexual Assault, which a person commits "when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent." 18 Pa.C.S. § 3124.1. King again argues that R.M.'s conduct did not sufficiently convey her lack of consent. However, King's argument ignores that in order to sustain a conviction for Sexual Assault, resistance to the sexual assault is not required for a conviction. *Commonwealth v. Andrulewicz*, 911 A.2d 162, 165 (Pa. Super. 2006) (citation omitted). As detailed above, R.M. communicated her lack of consent verbally by telling R.M. to stop and that she did not want to have any sexual contact. Moreover, R.M. further physically communicated her lack of consent by struggling and resisting, resulting in King having to hold her down. Viewing this evidence in the light most favorable to Commonwealth, there was clearly sufficient evidence for the jury to convict for Sexual Assault.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/19