J-A24014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DUANE JONES | : | |
| | : | |
| Appellant | : | No. 2803 EDA 2018 |

Appeal from the Judgment of Sentence Entered April 27, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009523-2015

BEFORE: BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JANUARY 31, 2020**

Appellant, Duane Jones, appeals from the judgment of sentence of an

aggregate term of 6 to 12 years' incarceration, followed by 4 years' probation,

imposed after a jury convicted him of rape, 18 Pa.C.S. § 3121(a)(1),

involuntary deviate sexual intercourse (IDSI), 18 Pa.C.S. § 3123(a)(1), and

related offenses. Appellant solely challenges the sufficiency of the evidence

to prove the 'forcible compulsion' element of his rape and IDSI convictions.

We affirm.

The trial court summarized the facts of this case, as established by the

evidence presented at Appellant's trial, as follows:

> After an evening of drinking in celebration of Appellant's birthday,
> [the victim] was getting a ride home from Appellant, along with
> her college friend, Appellant's girlfriend, Gabby. Appellant was
> driving, while Gabby was in the front passenger seat and the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[victim] was lying across the backseat. NT[,] 12/5/17, [at] 35. The [victim] was intoxicated. [*Id.* at] 33.

As the [victim] lay too intoxicated to physically resist or articulate her lack of consent, Appellant reached over the back seat, put his hand under [the victim's] skirt, circumvented her underwear, and digitally penetrated her. She mumbled her objection, but was unable to form words. [*Id.* at] 35-36.

Appellant stopped in front of a house where he lived with Gabby. He and Gabby left the car while the [victim] remained partially conscious in the back seat. At some point, Appellant returned to the vehicle, opened the back door, pulled the [victim] partially out of the door by her legs, lifted her up and inserted his penis into her mouth. [*Id.* at] 37-39. When the [victim] was unable to engage in oral sex, Appellant dropped her back onto the car seat, again pulled her toward the car door, then inserted his penis into her vagina and engaged in intercourse. [*Id.* at] 37. At some point[,] the [victim's] tampon was pushed from her vagina and ended up behind her cervix, where it was found by a nurse when the [victim] was examined at the Police Special Victims Unit the next day. [*Id.* at] 40-42, 48.

The [victim] woke up the next day inside the apartment. Gabby and Appellant drove her to her mother's house. Around 6:30 am, the [victim] called a friend, Darrell Garrick, to take her to the hospital, but he was unable to do so. In the conversation with Darrell, the [victim] was crying as she told him that she had been sexually assaulted. [*Id.* at] 78-79. Another friend, Channel Roberts, ended up taking the [victim] to the hospital. [*Id.* at] 92. The [victim] also told Channel what had happened to her. [*Id.* at] 92-94.

The [victim] also notified Gabby, and she was crying while she spoke to Gabby. [*Id.* at] 46-47; NT[,] 12/6/17, [at] 78. The [victim's] friend then got on the phone and told Gabby that Appellant had raped the [victim]. [*Id.* at] 78; NT[,] 12/5/17, [at] 93-95. Gabby then confronted Appellant by phone, who confessed to having intercourse with the [victim]. NT[,] 12/6/17, [at] 106-[]07, 116.

Gabby arrived at the hospital and was present while the [victim] described the incident to the doctor. At some point[,] the doctor asked Gabby to step out, at which point Gabby left the hospital. [*Id.* at] 80-81; NT[,] 12/5/17, [at] 47. Police responded

to the hospital and spoke with the [victim]. The police officer recorded that complaint as:

> [The victim] states offender drove her home from the bar at approximately two o'clock a.m. The offender parked outside his house. The offender went into the rear of the vehicle and put fingers and penis into vagina and mouth. Complaint didn't know the location of occurrence. States the offender is her friend's boyfriend. NT[,] 12/5/17, [at] 111-[]12; C5.

The [victim] was transferred to the Special Victims Unit by the officer, where she was interviewed and examined by a trained sexual assault nurse. The information the [victim] gave the nurse about the incident was the same as her testimony at trial. NT[,] 12/6/17, [at] 8-16; C-6. Upon physical examination, the nurse found the [victim's] tampon past her cervix. [*Id.* at] 15-16. The nurse removed the tampon and preserved it for evidence. She also took a vaginal swab[,] which tested positive for Appellant's DNA. [*Id.*]

Gabby testified that no one was really drinking that night, and the [victim] was not drinking at all, but perhaps the two of them shared a sip of a drink. [*Id.* at] 62, 64, 95. She further testified that the [victim] was not intoxicated. [*Id.* at] 100. Gabby testified that she had one drink that night. [*Id.* at] 77.

Appellant likewise testified that the [victim] was not intoxicated. [*Id.* at] 136. He claimed that even though the long evening's events were to celebrate his birthday, he drank little. [*Id.* at] 136, 143. Gabby also testified that neither she nor Appellant were drunk, although she testified that people were buying him birthday drinks. [*Id.* at] 64, 68. He denied digitally penetrating the [victim] as he drove, although he admitted that his girlfriend was asleep in the front seat during the ride home. [*Id.* at] 151-[]52.

Appellant testified that his girlfriend went into the house as soon as they arrived because she had to use the bathroom, but he and the [victim] followed "right behind, seconds behind." [*Id.* at] 131. Gabby described the time[-]period as three to four minutes. [*Id.* at] 72. He denied attempting to engage in oral sex with the [victim] or have intercourse in the car. [*Id.* at] 132, 137[]. Instead, he said that after his girlfriend Gabby went to bed, the [victim] approached him in the kitchen/living room, undid his belt[,] and proceeded to fellate him. She then lifted her skirt and they had consensual intercourse on the couch. [*Id.* at] 135-

- 3 -

[]36.  He denied any knowledge of [victim]'s tampon.  [*Id.* at] 152-[]53.

Appellant did not speak to [victim] the next day, but drove her [to her] mother's [house,] accompanied by Gabby, and at [the victim's] direction.  [*Id.* at] 75-76, 138, 155.

Trial Court Opinion (TCO), 11/7/18, at 2-5.

At the close of trial, the jury convicted Appellant of the above-stated rape and IDSI offenses, as well as aggravated indecent assault, 18 Pa.C.S. § 3125(a)(1), sexual assault, 18 Pa.C.S. § 3124.1, and indecent assault, 18 Pa.C.S. § 3126(a)(1).  On April 27, 2018, Appellant was sentenced to concurrent terms of 6 to 12 years' incarceration for his rape and IDSI convictions, and a consecutive, aggregate term of 4 years' probation for his remaining crimes.  He filed a timely post-sentence motion that was denied on August 20, 2018.  Appellant then filed a timely appeal, and he complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  The court filed its Rule 1925(a) opinion on November 7, 2018.  Herein, Appellant states a single question for our review: "Was the evidence insufficient to sustain the charges of rape and IDSI by forcible compulsion because the record is devoid of any evidence of either forcible compulsion or the threat thereof?"  Appellant's Brief at 4 (unnecessary capitalization omitted).

Preliminarily, we recognize that:

In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense.  *Commonwealth v. Moreno,* 14 A.3d

133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. ***Commonwealth v. Hartzell***, 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. ***Moreno, supra*** at 136.

***Commonwealth v. Koch***, 39 A.3d 996, 1001 (Pa. Super. 2011).

Appellant challenges his conviction for rape under 18 Pa.C.S. § 3121(a)(1), and IDSI under 18 Pa.C.S. § 3123(a)(1), both of which require proof that he used forcible compulsion to engage in sexual intercourse with the victim. 'Forcible compulsion' is defined as "[c]ompulsion by use of physical, intellectual, moral, emotional, or psychological force, either express or implied." 18 Pa.C.S. § 3101.

Essentially, Appellant avers that the victim's testimony established that she was so intoxicated that she did not verbally or physically resist his advances, and he did not use force, but simply "moved her into a position so he could insert his penis into her mouth[,]" and then "moved her into a position so he could insert his penis into her vagina." Appellant's Brief at 19. Appellant maintains that his actions did not constitute 'forcible compulsion' under our Supreme Court's definition of that term in ***Commonwealth v. Berkowitz***, 641 A.2d 1161 (Pa. 1994). There, the Court held that, "where there is a lack of consent, but no showing of either physical force, a threat of physical force, or psychological coercion, the 'forcible compulsion' requirement … is not met." ***Id.*** at 1164.

Appellant's argument is unconvincing. This Court has explained that,

[a] determination of forcible compulsion rests on the totality of the circumstances, including but not limited to this list of factors:

[T]he respective ages of the victim and the accused, the respective mental and physical conditions of the victim and the accused, the atmosphere and physical setting in which the incident was alleged to have taken place, the extent to which the accused may have been in a position of authority, domination or custodial control over the victim, and whether the victim was under duress.

***Commonwealth v. Rhodes***, … 510 A.2d 1217, 1226 ([Pa.] 1986)…. It is not necessary to show that the victim physically resisted the assault in order to prove forcible compulsion. ***Id.*** The victim's uncorroborated testimony is sufficient to support a rape conviction. ***Commonwealth v. Wall***, 953 A.2d 581, 584 (Pa. Super. 2008).

***Commonwealth v. Gonzalez***, 109 A.3d 711, 721 (Pa. Super. 2015).

Instantly, the victim's testimony established that she was not entirely unconscious during Appellant's assault, and that she knew that Appellant was assaulting her.[1] However, she could not verbally or physically resist Appellant's advances because she was so intoxicated that she could not clearly speak, and she had no physical strength. These facts establish that the victim was incapacitated both mentally and physically. Appellant, on the other hand, testified that he had had "[v]ery little" to drink that night. N.T., 12/6/17, at 143. This evidence supports a conclusion that Appellant was in a superior

---

[1] Consequently, contrary to Appellant's suggestion, the facts of this case are not more appropriately suited to a charge of rape under 18 Pa.C.S. § 3121(a)(3) (where the victim "is unconscious or where the person knows that the [victim] is unaware that the sexual intercourse is occurring"), or IDSI under 18 Pa.C.S. § 3123(a)(3) (where the victim "is unconscious or where the person knows that the [victim] is unaware that the sexual intercourse is occurring").

position to the victim both mentally and physically. Appellant then used this position of dominance, as well as physical force, to rape and commit IDSI of the victim. Namely, he pushed aside the victim's underwear and inserted his fingers into her vagina; pulled her body toward him by her legs, lifted her up, and inserted his penis into her mouth; and pulled her body toward him again, after she fell back onto the seat, and inserted his penis into her vagina so forcefully that her tampon was pushed behind her cervix. Thus, the evidence was sufficient to prove that Appellant used forcible compulsion to commit the rape and IDSI of the victim.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/20