J. S15045/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ILDELFONSO CRUZ, | : | No. 1324 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, June 12, 2014,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. CP-51-CR-0008945-2011,
CP-51-CR-0008946-2011

BEFORE:  STABILE, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:         **FILED JUNE 06, 2018**

Appellant, Ildelfonso Cruz, appeals from the June 12, 2014 judgment of sentence entered by the Court of Common Pleas of Philadelphia County following his conviction of attempted murder, aggravated assault, possession of an instrument of crime, rape, kidnapping, and sexual assault.[1]  The trial court sentenced appellant to an aggregate 22½ to 45 years' imprisonment. After careful review, we affirm.

The trial court provided the following factual and procedural history:

> On April 21, 2011, [E.P.[2]] went to her home located at 3325 Argyle Street in Philadelphia to pack clothes

---

[1] 18 Pa.C.S.A. §§ 2502, 901(a), 2702(a), 907(a), 3121(a), 2901(a), and 3124.1, respectively.

[2] In order to protect her privacy, the victim's name has been replaced with initials.

to bring to her mother's house. [E.P.] asked Luis Ramon and his younger brother, Ricardo Ramon, to accompany her because she was having a problem with her ex-boyfriend, [appellant.]

[E.P.], Luis, and Ricardo arrived at [E.P.'s] home at approximately 11:00 p.m. that night. While [E.P.] was packing her belongings, [appellant] arrived. [Appellant] did not have a key to [E.P.'s] house nor did he have permission to be there. At some point thereafter, [appellant] began attacking Luis; he grabbed Luis from behind and stabbed him repeatedly; Luis sustained five stab wounds to the left back and two stab wounds to the left shoulder region. Luis eventually managed to escape to a nearby home of someone he knew; the resident there called an ambulance. Luis was transported to Temple Hospital where he was treated for multiple injuries including a collapsed lung. Luis was discharged from Temple Hospital on April 26, 2011.

Moments after attacking Luis, [appellant] grabbed [E.P.] and pushed her against a wall; he began hitting her in the face with a closed fist. [Appellant] then forced [E.P.] to walk to his brother's house by grabbing her and poking her with scissors. Once they arrived at [appellant's] brother's house, they went into a bedroom; [appellant] pushed the bed against the door, preventing [E.P.] from leaving. [Appellant] proceeded to curse at [E.P.] and hit her about her face and body. [Appellant] then threw [E.P.] on the floor and stabbed her in her forehead with the scissors. At some point, [E.P.], who was tired and in pain, fell asleep. When [E.P.] woke up, her clothes had been removed and [appellant] was having sex with her. [Appellant] eventually drove [E.P.] to Einstein Hospital. [E.P.] was treated for multiple injuries including lacerations on her forehead and left palm. [E.P.] was subsequently transferred to Episcopal Hospital for a sexual assault evaluation. She was later discharged.

[Appellant] was arrested on April 23, 2011.[Footnote 1] He was charged with two counts

of Attempted Murder, two counts of Aggravated Assault, two counts of Possession of an Instrument of Crime, two counts of Simple Assault, two counts [of] Recklessly Endangering Another Person, one count of Rape, one count of Kidnapping, one count of Burglary, one count of Intimidation of Witnesses or Victims, one count of Conspiracy, one count of Sexual Assault, one count of Criminal Trespass, one count of Indecent Assault, one count of Unlawful Restraint, one count of Terroristic Threats, and one count of False Imprisonment on Bills of Information CP-51-CR-0008945-2011 and CP-51-CR-0008946-2011.

> [Footnote 1] *See* CP-51-CR-0008945-2011 (charges involving Luis Ramon). The arrest date for the charges involving [E.P.] was April 29, 2011 (CP-51-CR-0008946-2011).

A jury trial commenced on February 27, 2014. [Appellant] was represented by Trevan Borum, Esquire. At trial, the Commonwealth presented as evidence the live testimony of (1) [E.P.], (2) Luis Ramon, (3) Ricardo Ramon, (4) Police Officer Mitchell, (5) Police Officer Moore, (6) Police Officer Bowe, (7) Police Officer Krawcyzk, (8) Detective King, (9) Detective Newbert, (10) Dr. Cernetich, and (11) Dr. Goldberg. The defense did not present any witnesses.

On March 7, 2014, the jury found [appellant] guilty of the following charges on [b]ill of information CP-51-CR-0008945-2011: [a]ttempted [m]urder, aggravated [a]ssault, and [p]ossession of an [i]nstrument of [c]rime. [Appellant] was found guilty of the following charges on [b]ill of [i]nformation CP-51-CR-0008946-2011: [r]ape, [k]idnapping, and [s]exual [a]ssault.[3] On June 12, 2014, [the trial c]ourt sentenced [appellant] to an aggregate sentence of twenty-two and one half (22½) to forty-five (45) years' imprisonment.

---

[3] The jury acquitted appellant of all other aforementioned charges.

On June 18, 2014, defense counsel filed a Motion for Reconsideration of Sentence. On October 20, 2014, [appellant's] Motion was denied by operation of law. On October 24, 2014, [appellant] completed a Notice of Appeal form. Although timely, defense counsel did not file the Notice; thus, the appeal period lapsed.

On March 17, 2015, [appellant] filed a **pro se** Post-Conviction Relief Act ("PCRA") petition. J. Matthew Wolfe, Esquire, was subsequently appointed to represent [appellant.] Mr. Wolfe filed an Amended PCRA petition on August 20, 2015; the basis of the petition was that [appellant] was denied his rights to due process and effective assistance of counsel because trial counsel failed to file a direct appeal to the Superior Court despite [appellant's] request to do so. [Appellant] requested that his appellate rights as well as his right to file post-sentence motions be reinstated **nunc pro tunc**. On April 1, 2016, [the trial c]ourt granted [appellant's] PCRA petition and reinstated [appellant's] appellate rights.

On April 29, 2016, [appellant] filed a Notice of Appeal. On May 5, 2016, [the trial c]ourt directed [appellant] to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). [Appellant] filed a 1925(b) Statement on May 31, 2016; [appellant] filed an amended 1925(b) Statement on November 22, 2016.

Trial court opinion, 3/13/17 at 1-4 (footnote and citations to notes of testimony omitted). The record reflects that the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on March 13, 2017.

Appellant raises the following issues for our review:

1. Did the lower court err in failing to grant [a]ppellant's post sentence motion because the sentence was excessive due to the court's not

adequately considering the mitigating circumstances surrounding [a]ppellant's mental illness?

2.  Did the lower court err in failing to grant [a]ppellant's motion to exclude the color photographs of a complaining witness into evidence?

3.  Did the lower court err in granting the Commonwealth's motion to admit into evidence other prior criminal acts?

Appellant's brief at 11.

In his first issue for our review, appellant avers that the trial court erred when it failed to "adequately consider the mitigating circumstances surrounding [appellant's] mental illness." (*Id.* at 15.) Specifically, appellant contends that the trial court deviated substantially from the Sentencing Guidelines and did not include a legally sufficient contemporaneous statement on the record when sentencing appellant in excess of the guidelines. (*Id.* at 18).

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but

requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

[***Commonwealth v. Walls***, 926 A.2d 957, 961 (Pa. 2007)] (internal citations omitted).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa.Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), ***appeal denied***, 909 A.2d 303 (Pa. 2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing

> hearing or in a motion to modify the sentence imposed. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa.Super. 2003), ***appeal denied***, 831 A.2d 599 (Pa. 2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa.Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra***, ***supra*** at 912-913.
>
> As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa.Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. ***Id.***

***Commonwealth v. Moury***, 992 A.2d 162, 169-170 (Pa.Super. 2010).

Here, we begin our analysis by determining whether appellant has complied with the procedural requirements of challenging his sentence. First, appellant timely filed his notice of appeal pursuant to Pa.R.A.P. 902 and 903. Second, appellant filed a motion for reconsideration of sentence on June 18, 2014, in which he averred that the trial court failed to adequately consider mitigating circumstances surrounding his mental illness. Upon further review of his brief, appellant also appears to raise the issue as to whether the trial court imposed an excessive sentence by deviating from the sentencing guidelines. (***See*** appellant's brief at 17-19.)

Upon our review of the record, we find that appellant, in his motion for reconsideration of sentence, did not raise any issue pertaining to the trial court's deviation from the sentencing guidelines and has thus waived this issue. It is well settled that an appellant may not raise an issue for the first time on appeal. Pa.R.A.P. 302; *Commonwealth v. Baez*, 169 A.3d 35, 41 (Pa.Super. 2017) ("issues not raised in the lower court are waived and cannot be raised for the first time on appeal"). We shall continue our analysis pertaining only to appellant's contention that the trial court failed to adequately consider mitigating circumstances surrounding his mental illness.

The third procedural prong set forth in *Evans* requires us to determine whether appellant's brief has a fatal defect—or put another way, fails to include a statement containing the reasons relied on for an allowance of an appeal "with respect to the discretionary aspects of the sentence." *See* Pa.R.A.P. 2119(f). Appellant includes such a statement in his brief, in which he alleges that his sentence is excessive because the trial court failed to adequately consider the mitigating circumstances surrounding his mental illness. (Appellant's brief at 15.)

Finally, we must now determine whether appellant has raised a substantial question. Here, appellant devotes a vast majority of his argument to his contention that the trial court deviated from the sentencing guidelines. As we stated *supra*, this issue has been waived on appeal. The only reference appellant makes in his argument pertaining to his mental

illness is as follows: "The excessiveness claim can only be considered together with the claim that the court failed to consider mitigating circumstances." (Appellant's brief at 19.) We have specifically held that an averment that the trial court failed to adequately consider mitigating circumstances does not raise a substantial question. *Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa.Super. 2010), citing *Commonwealth v. Matroni*, 923 A.2d 444, 455 (Pa.Super. 2007), *appeal denied*, 952 A.2d 675 (Pa. 2008). Additionally, the trial court had the benefit of a mental health evaluation and a pre-sentence report. We therefore find that appellant failed to raise a substantial question. Accordingly, we do not have jurisdiction to decide appellant's first issue on the merits.

For his second issue on appeal, appellant contends that the trial court erred when it allowed color photographs of Ramon's injuries to be shown to the jury. (*See* appellant's brief at 19-20.) When reviewing an admission of photographs of a victim's injuries at trial, we are subject to the following standard:

> "The admission of evidence is solely within in the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of discretion." *Commonwealth v. Reid*, 99 A.3d 470, 493 (Pa. 2014). An abuse of discretion will not be found based on a mere error of judgment, but rather occurs where the court has reached a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. *Commonwealth v. Davido*, 106 A.3d 611, 645 (Pa. 2014).

> When the Commonwealth seeks to introduce photographs of a [victim's injuries] into evidence, the trial court must engage in a two-part analysis. First, the trial court must examine whether the particular photograph is inflammatory. ***Commonwealth v. Murray***, 83 A.3d 137, 156 (Pa. 2013). If the photograph is not inflammatory, the trial court must determine whether the photograph is of such essential evidentiary value that its need clearly outweighs the likelihood of inflaming the minds and passions of the jurors. ***Id.***

***Commonwealth v. Woodard***, 129 A.3d 480, 494 (Pa. 2015), ***cert. denied***, 137 S.Ct. 92 (2016).

Here, appellant specifically argues that the photographs in question were "unnecessarily gruesome" and that the "prejudice outweighed the probative value." (Appellant's brief at 20.) The record reveals that appellant only sought to exclude any color photographs of Ramon's injuries. (Notes of testimony, 2/28/14 at 4.) The color photographs in question depict the nature and extent of Ramon's injuries, which would not have been as detectable in a black and white photograph. ***See Woodard***, 129 A.3d at 494-495. The trial court determined that the photographs were not inflammatory, and that the need of the photographs outweighed the likelihood of inflaming the minds and passions of the jury. We therefore hold that the trial court did not abuse its discretion when it denied appellant's motion ***in limine*** and permitted the Commonwealth to introduce color photographs of Ramon's injuries into evidence.

In his third and final issue, appellant avers that the trial court erred when it permitted the Commonwealth to introduce evidence of appellant's prior bad acts pursuant to Pa.R.E. 404(b). As noted ***supra***, the admission of evidence is within the discretion of the trial court, and such decisions will only be overturned upon a finding that the trial court abused its discretion. ***See Woodard***, 129 A.3d at 494.

> The particular Pennsylvania Rule of Evidence governing the admission of "prior bad acts" is Pa.R.E. 404(b) which provides, in relevant part:
>
> **(b) Other crimes, wrongs, or acts.**
>
> > (1) Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.
> >
> > (2) Evidence of other crimes, wrongs, or acts may be admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.
> >
> > (3) Evidence of other crimes, wrongs, or acts proffered under subsection (b)(2) of this rule may be admitted in a criminal case only upon a showing that the probative value of the evidence outweighs its potential for prejudice.
>
> Pa.R.E. 404(b)(1)-(3). Under this rule, the admission of prior "bad acts" is inadmissible for the sole purpose of proving the defendant has a bad character, or a "criminal propensity." ***Commonwealth v. Powell***, 956 A.2d 406, 419 (Pa.

2008). Nevertheless, this rule permits the admissibility of such evidence for other relevant purposes such as:

> showing the defendant's motive in committing the crime on trial, the absence of mistake or accident, a common scheme or design, . . . to establish identity [,][or] where the acts were part of a chain or sequence of events that formed the history of the case and were part of its natural development.

> *Id.* However, admission for these purposes is allowable only whenever the probative value of the evidence exceeds its potential for prejudice. Pa.R.E. 404(b)(3).

*Commonwealth v. Briggs*, 12 A.3d 291, 336-337 (Pa. 2011), *cert. denied*, 565 U.S. 889 (2011).

The Commonwealth contends that it sought to introduce evidence of appellant's prior bad acts in order to establish E.P.'s lack of consent pertaining to the rape charge and to establish "the sequence of events that was part of the history of the case and that formed the natural development of the facts." (Commonwealth's brief at 20.) We shall begin with the use of prior bad acts to establish lack of consent. Our supreme court has held that a trial court may admit evidence of a defendant's prior verbal or physical intimidation of a victim. *Commonwealth v. Richter*, 711 A.2d 464, 467 (Pa. 1998). Similar to the instant case, our supreme court found that evidence of prior verbal and physical intimidation was "properly admitted to prove the element of forcible compulsion or threat of forcible compulsion

where the victim testifies that she did not consent to the act of intercourse." ***Id.*** at 468.

Here, E.P. testified at trial that she used to date appellant. (Notes of testimony, 3/4/14 at 22-23.) E.P. also testified that over the course of her relationship with appellant, appellant had physically abused her. (***Id.*** at 41.) During trial, E.P. further testified that she did not consent to appellant having sex with her. (***See id.*** at 33-34.) Accordingly, we find that the trial court properly admitted evidence of appellant's prior physical abuse of E.P. in order for the Commonwealth to establish lack of consent pertaining to the rape charge.

The Commonwealth also contends that evidence of appellant's prior bad acts was admissible in order to establish a sequence of events and to form the natural development of facts. (Commonwealth's brief at 20.) Indeed, our supreme court has stated that "evidence may also be admitted where the acts were part of a chain or sequence of events that formed the history of the case and were part of its natural development." ***Commonwealth v. Powell***, 956 A.2d 406, 419 (Pa. 2008), ***cert. denied***, 556 U.S. 1131 (2009), citing ***Commonwealth v. Kemp***, 753 A.2d 1278, 1284 (Pa. 2000).

Here, the trial court stated that "the Commonwealth presented evidence that [E.P.] had recently ended a romantic relationship with [appellant]. Evidence of [appellant's] prior assaultive behavior explained

why [E.P.] asked Luis Ramon and his brother to accompany her while she packed clothes to bring to her mother's house[.]" (Trial court opinion, 3/13/17 at 20.)

We therefore hold that the trial court did not abuse its discretion when it admitted evidence of appellant's prior bad acts pursuant to Pa.R.E. 404(b). Accordingly, appellant's third issue is without merit.

Judgment of sentence affirmed.

Dubow, J. did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/18