J-A22042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DONALD CONKLIN IV, :
:
Appellant : No. 3957 EDA 2017

Appeal from the Judgment of Sentence October 24, 2017
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0001340-2017

BEFORE: BENDER, P.J.E., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED DECEMBER 20, 2018**

Appellant, Donald Conklin IV, appeals from the judgment of sentence entered in the Court of Common Pleas of Monroe County, after a jury convicted him on one count of corruption of a minor.[1] Herein, Appellant contends the court erred by allowing evidence and testimony regarding sexual contact between Appellant and the victim when the criminal complaint and preliminary hearing referenced only acts involving marijuana use between the two. Appellant also asserts the court abused its sentencing discretion by ordering him to undergo a sexual offender assessment where the accusations supporting the charge of corruption of a minor involved only marijuana use. We affirm.

_____

[1] 18 Pa.C.S.A. § 6301(a)(1)(i).

_____

\* Former Justice specially assigned to the Superior Court.

On June 2, 2017, Officer John Bohrman of the Pocono Mountain Regional Police filed a Criminal Complaint charging 22 year-old Appellant with one count of corruption of minors[2] for acts occurring "between 12/1/2016 and 3/27/2017." Criminal Complaint, filed 6/2/17, at 1. Under the section calling for a "brief summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged," Officer Bohrman indicated that Appellant, being 18 years of age or older, did corrupt or tend to corrupt the morals of a 16 year-old minor by smoking marijuana with her. *Id.* at 3.

On Page 4 of the Complaint, however, Officer Bohrman set forth his Affidavit of Probable Cause wherein he documented allegations of Appellant's marijuana use and sexual contact with the minor victim. Specifically, the Affidavit begins by relating an email sent to authorities by Appellant's former cellmate at the Monroe County Correctional Facility. According to the email, Appellant confided in the cellmate that he had been having sex with a 15 year-old girl who lived in the Pocono Farms East area.

The email prompted an investigation into Appellant's relationship with the victim. Officer Bohrman personally interviewed the cellmate, who stood by his email and further alleged Appellant claimed to love the girl and intended on marrying her. *Id*. at 4.

Officer Bohrman interviewed the alleged minor victim and her mother, and the victim confirmed meeting Appellant around December of 2016, when

---

[2] 18 Pa.C.S.A. § 6301(a)(1).

he would "come over to her house a lot to hang with her brothers." *Id*. She initially denied any sexual contact between herself and Appellant, but retracted her denial, however, in a later interview conducted at the Children's Advocacy Center. Specifically, she alleged that sometime in January of 2017, Appellant and she were in the garage smoking a cigarette when Appellant pushed her against a refrigerator and forcibly kissed her while holding her waist and running his fingers through her hair. *Id*. at 4-5.

The victim also discussed how Appellant would often bring marijuana with him—about 20 times, she estimated—and they would smoke it together. She claimed she would get "really high and her mind would be fogged up." *Id*. at 5. She also said she heard that Appellant had videotaped her during one of those highs, but she did not have a memory of that.

The victim's step-brother told Officer Bohrman that Appellant used a cell phone to record a video of himself having sex with the victim while she appeared to be asleep. He claimed to have caught a glimpse of the video while Appellant was privately viewing it in his company, but he said Appellant quickly turned it off upon realizing he could see it. *Id*. According to the step-brother, Appellant subsequently discarded the phone. *Id.*

Appellant agreed to talk to Officer Bohrman and waived his *Miranda* rights. *Id.* at 4. He admitted knowing the victim but refused to say whether he had sex with her, answering "I'm no [sic] at liberty to disclose that." *Id*. He refused to answer subsequent questions, but when he was told the victim's mother declared he was not allowed to see the victim anymore, he disputed

the officer's right to relay that message and said he would need mother's statement in writing. *Id*.

On June 27, 2017, the Monroe County District Attorney's Office filed an Information charging Appellant with one count of Corruption of Minors, a first-degree misdemeanor. The Information excluded specific references to any particular act and, instead, offered only the verbatim, elemental language contained in Section 6301(a)(1)(i):

> Between December 1, 2016 and March 27, 2017 in the County of Monroe, Coolbaugh Township, Pennsylvania, the defendant (1)(i) [sic] Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

Information, filed 6/27/18.

On September 19, 2017, Appellant filed a counseled Motion *in Limine* seeking preclusion of evidence and testimony relating to accusations in the affidavit of probable cause that Appellant "may have had sexual intercourse at some point with the alleged victim, who was sixteen (16) years of age at the time." Motion *in Limine*, filed 9/19/17. "No evidence has been presented to support this claim," Appellant averred, "nor, until very recently, has the alleged victim had any recollection of any such event." *Id*. The motion also opposed admission of other evidence, such as a video interview of the alleged

victim, to the extent it addresses any accusations of inappropriate sexual behavior. *Id*.

On September 25, 2017, prior to the start of trial, the trial court addressed Appellant's motion *in limine*. Evidence that Appellant may have had sexual contact with the minor, the court began, fits within the elements of the charge. N.T. 9/25/17, at 4. Before the court could continue, however, defense counsel interjected with what amounted to a concession on the admissibility of the alleged kiss between Appellant and the minor girl:

> **DEFENSE COUNSEL:** I want to -- if I can just jump in there. I already spoke to [Assistant District Attorney] Mr. Rakaczewski about this. There were accusations made as part of the initial discovery that my client, at one point, had forced himself or had sex with her while she was unconscious, made a videotape. No one has actually seen the video. One person says they saw an image of it, which may or may not mean anything. The upside is Mr. Rackaczewski says he is not going on –
>
> **[ADA] RACKACZEWSKI:** I have no intention of going into the videotape or the unconsciousness. It's just that she had sexual contact with him. They were doing marijuana at the time, and she talks about, [']my mind was fuzzy,['] or [']hazy,['] whatever, but I'm not going into it anymore like that. I'm not going to have William Kasse testify today in regards to the video and all that kind of stuff. So I have no intention of going into that.
>
> **But she [the victim] did also say during the CAC, and I expect her to testify to that, you know, [']He forcibly slammed me up against the refrigerator, forcibly kissed me, I was frozen, I didn't know what to do,['] and that's always been consistent**.
>
> **THE COURT:** All right.
>
> **DEFENSE COUNSEL: That, I don't have a problem with.** But the other part I though was just a little tenuous and a different issue.

> **THE COURT:** So we're going to hear testimony regarding sexual contact. It's not going to have anything to do with her being unconscious and being videotaped or any naked pictures of her?
>
> **[ADA] RACKACZEWSKI:** Right. I have no intention of soliciting any of that information.

N.T. 9/25/17, at 4-6 (emphasis added).

Consistent with defense counsel's pretrial position, he offered no objection to testimony and evidence concerning the victim's claim that Appellant forcibly kissed her. Rather, counsel conducted cross-examination aimed at establishing the victim's consent to the kiss. N.T. at 50-51; 106-107.

At the conclusion of trial, the jury convicted Appellant of corruption of a minor. Informed by a presentence investigation report, the trial court sentenced Appellant to a period of incarceration of six to 24 months, less one day. Appellant filed a motion for reconsideration of his sentence, which the court denied by order dated November 6, 2017. This timely appeal followed.

Appellant presents two questions for our consideration:

I. **DID THE TRIAL COURT ERR AND ABUSE ITS DISCRETION BY ALLOWING TESTIMONY AND EVIDENCE REGARDING ALLEGED SEXUAL CONTACT BETWEEN CONKLIN AND THE ALLEGED VICTIM WHERE THE CHARGES FILED AND DISCOVERY PROVIDED ONLY INDICATED THAT HE WAS BEING CHARGED BASED ON PROVIDING MARIJUANA TO HER?**

II. **DID THE TRIAL COURT ERR AND ABUSE ITS DISCRETION BY ORDERING CONKLIN TO UNDERGO A**

**SEXUAL OFFENDER ASSESSMENT WHERE THE UNDERLYING ACCUSATIONS PERTAINED TO DRUG USE AND THE OFFENSE TO WHICH HE WAS CONVICTED IS NOT A SEXUAL OFFENSE.**

Appellant's brief, at 6.

Appellant first contends that the corruption of minors charge failed to place him on sufficient notice of the Commonwealth's intent to introduce evidence that he engaged in sexual contact with the minor victim in question. The charge as set forth in the Complaint, evidence adduced at the preliminary hearing, and the description of the crime in the Information all failed to allege sexual contact as part of the factual basis for the charge, Appellant argues. He was, therefore, "left to guess what the specifics of the charge might be[,]" in violation of Pa.R.Crim.P. 560(B)(5).[3]  Appellant's brief, at 13.

The Commonwealth counters that the Affidavit of Probable Cause segment of the Complaint provided a lengthy and detailed account of Appellant's alleged sexual contact with the minor in question.   Such

---

[3] Rule 560(B)(5) sets forth the contents of an information, in relevant part:

> (B) The information shall be signed by the attorney for the Commonwealth and shall be valid and sufficient in the law if it contains:
>
> . . .
>
> (5) a plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint

Pa.R.Crim.P. 560(B)(5).

allegations, therefore, were clearly part of the factual narrative supporting the Complaint's corruption of minors charge. Furthermore, the Commonwealth adds, the allegations fit within the elements of the crime as set forth in the subsequent criminal information. For its part, the trial court agrees with the Commonwealth's position.

Our review of the record discloses that Appellant has effectively waived his Rule 560-based challenge to the adequacy of notice supplied in the criminal information. A criminal defendant must challenge defects in the charging process by filing an omnibus pre-trial motion. *See Commonwealth v. Martin*, 694 A.2d 343, 344 (Pa. Super. 1997). Failure to do so results in waiver on the issue on appeal. *See id.*; *see also Commonwealth v. Richter*, 676 A.2d 1232, 1236 n.2 (Pa. Super. 1996), *affirmed*, 711 A.2d 464 (Pa. 1998).

Here, Appellant filed a motion *in limine* challenging the sufficiency of his charges, but he abandoned the challenge at the outset of the pretrial conference on the motion when defense counsel agreed that allegations of Appellant's forcible kiss upon the minor victim were admissible to prove the charge of corruption of minors filed against him in charging documents. *See* N.T. 9/25/17, *supra*. Accordingly, Appellant's first claim affords him no relief.

In Appellant's second claim, he contends the trial court abused its sentencing discretion in ordering Appellant to undergo a sexual offender assessment where his alleged actions were not sexual in nature and the

corruption of minors offense with which he was convicted is not a sexual offense.

In order to reach the merits of a discretionary aspects claim, we must engage in a four-part analysis to determine:

(1) whether the appeal is timely; (2) whether [the appellant] preserved his [or her] issue; (3) whether [the appellant's] brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode. … [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Colon***, 102 A.3d 1033, 1042-43 (Pa.Super. 2014) (citation omitted).

Initially, we note Appellant has preserved this issue to the extent he raised it first in his motion for reconsideration of sentence, wherein he alleged "[Appellant] was also given a condition of sentence that he undergo a sexual offender's evaluation and comply with the results thereof. In that the basis for the original charge against the [Appellant] was for providing a minor with controlled substance, namely marijuana, to a minor, such assessment is inappropriate." Appellant's Motion for Reconsideration of Sentence, 11/3/17.

Assuming *arguendo* Appellant has otherwise satisfied the four-part test stated above, we nevertheless find his issue as stated mischaracterizes the nature of the evidence offered to support the charge against him. Contrary to Appellant's suggestion, the Commonwealth did not confine its evidence to

Appellant's use of marijuana with the minor. Indeed, the court's order for an assessment was based on ample evidence that 22 year-old Appellant initiated sexual contact with the 16 year-old victim and continued to entertain ideas of a future between them despite the wishes of both the victim and her mother. N.T. at 87-90, 102-103. Accordingly, we reject this claim out of hand since its factual predicate is lacking.[4]

Judgment of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/18

---

[4] In addition, we note Appellant fails to support this claim with citation to pertinent authority, such that we may deny him relief on this basis as well. *See* Pa.R.A.P. 2101, 2119(a)-(b).