J-S08003-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL JEFFERY ANDERSON II | : | |
| | : | |
| Appellant | : | No. 1535 MDA 2022 |

Appeal from the Judgment of Sentence Entered May 2, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0002450-2020

BEFORE:   OLSON, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED: MAY 12, 2023**

Appellant, Paul Jeffery Anderson II, appeals from the judgment of sentence entered on May 2, 2022.  In this direct appeal, Appellant's counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to **_Anders v. California_**, 386 U.S. 738 (1967) and **_Commonwealth v. Santiago_**, 978 A.2d 349 (Pa. 2009).  We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw.  Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous.  Therefore, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

The facts and procedural history of this case are as follows.  In April 2020, the complainant, I.M. (Victim), who was four months pregnant, lived in

_____

[*] Retired Senior Judge assigned to the Superior Court.

a residence along Main Street in Oberlin, Pennsylvania, with Appellant. N.T. Trial, 3/9/22, at 23. On April 8, 2020, after spending time with her fiancé and friends, Myers returned home at approximately 11:00 p.m. and went to her room. *Id.* at 25. At that time, Appellant approached her, asked her to come to his room so they could discuss "paying bills." *Id.* Victim obliged. *Id.* In Appellant's room, Victim and Appellant talked "about bills and everything" while they smoked marijuana. *Id.* at 25-26. Appellant, however, began to "vent to [Victim] about his . . . sexual frustrations" and eventually, propositioned Victim, asking her to have sexual relations with him "in order for [her] fiancé[] to move in without paying rent." *Id.* at 27-28. In addition, Appellant "started touching [Victim] from [her] lower back all the way up" both "above [her] clothes and then . . . underneath [her] clothes." *Id.* at 28. Victim asked Appellant not to touch her, but Appellant did not adhere to her request. *Id.* at 29. Eventually, Victim left Appellant's room and returned to her own room, closing the door behind her. *Id.* at 29-30.

Shortly thereafter, Appellant entered Victim's room, wearing only boxers, and indicated he wanted to get into her bed with her. *Id.* at 30. Victim testified regarding her interaction with Appellant as follows:

> I [am] laying in bed, and then he comes in the room, he wants to get in bed with me and curl up under the blankets. He starts to put his arms around me, touching me, rubbing his hands up and down my body, telling me it [is] gonna [sic] be okay, the quicker this is over with, the sooner [my fiancé] can move in in the morning and I do [not] have to worry about rent at all.
>
> It started above the clothes and worked its way from underneath my T-shirt the whole way up to my boobs. I kept

- 2 -

telling him to stop. He wanted to then work his way down to my vagina area. I kept telling him to stop and trying to move his hand. He then took my hand physically [i]n his own and put it on his penis above his boxers, which I then felt was erect[], and every time I tried to move my hand I could [not] because he was holding my hand there.

*Id.* at 30-31. After a period of time, and after Victim's continued refusal, Appellant became frustrated and left her room. *Id.* at 32. The next morning, around 7:30 a.m. or 8:00 a.m., Victim's fiancé called, informing her that he was outside Appellant's home "after receiving all [her] messages throughout the night." *Id.* at 33. Victim left the house with her fiancé and called the police. *Id.* at 35.

On August 3, 2020, the Commonwealth filed charges against Appellant. Following a jury trial, Appellant was convicted of indecent assault.[1] On May 2, 2022, Appellant was sentenced to one to two years' incarceration.[2] In addition, the trial court ordered the Sexual Offender Assessment Board ("SOAB") to evaluate whether Appellant was a sexually violent predator ("SVP"). N.T. Sentencing Hearing, 5/2/22 at 19; *see also* Trial Court Order, 5/2/22, at 1.

Appellant did not file a post-sentence motion. Instead, on May 29, 2022, Appellant appealed his judgment of sentence. On August 22, 2022, however, this Court discontinued the appeal because Appellant's docket did

---

[1] 18 Pa.C.S.A. § 3126(a)(1).

[2] That same day, Appellant entered a guilty plea and was sentenced for other charges not relevant to the instant appeal.

not reflect that his SOAB assessment was conducted and, as such, Appellant's judgment of sentence was not final. *See* Superior Court Order, 8/22/22, at 1; *see also Commonwealth v. Schrader*, 141 A.3d. 558 (Pa. Super. 2016). Accordingly, Appellant's counsel "conducted an investigation to determine the status of the SOAB assessment" and was informed that the "completed assessment report for [Appellant] was sent to [the Assistant District Attorney's Office in Dauphin County] on July 29, 2022." *See* Appellant's Petition to Appeal *Nunc Pro Tunc*, 10/31/22, at 2; *see also id*. at Exhibit A. Because the SOAB's assessment was "not made part of the record, nor the docket," Appellant's counsel filed, with the trial court, a petition to appeal *nunc pro tunc*, requesting that Appellant's direct appeal rights be reinstated. *Id*. at 1-2. On November 2, 2022, the trial court granted Appellant's petition, reinstating his direct appeal rights *nunc pro tunc*. Trial Court Order, 11/2/22, at 1. In addition, the trial court issued an order which noted that, pursuant to the SOAB, Appellant was not classified as an SVP. Trial Court Order, 11/2/22, at 1. This appeal followed.

On appeal, Appellant's counsel filed a petition for leave to withdraw and counsel accompanied this petition with an *Anders* brief. Before reviewing the merits of this appeal, this Court must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. *Commonwealth v. Miller*, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under *Anders*, counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw

stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." ***Miller***, 715 A.2d at 1207. Second, counsel must file an ***Anders*** brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. Finally, counsel must furnish a copy of the ***Anders*** brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." ***Commonwealth v. Woods***, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5; ***see also Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the ***Anders*** procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. ... [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel,

intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel complied with all of the above procedural obligations. We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our analysis begins with the claim raised in the *Anders* brief, which is as follows:

> Should appellate counsel be permitted to withdraw as counsel because any appellate issues in the instant case are frivolous?

Appellant's Brief at 6 (superfluous capitalization omitted).

In support of the foregoing question, counsel claims that, upon review, "the following issues are raised in the record:" (1) sufficiency of the evidence; (2) weight of the evidence; (3) discretionary aspects of Appellant's sentence and (4) the legality of Appellant's sentence. *Id.* at 13. Counsel, however, asserts that an appeal raising any of these issues is frivolous. *Id.* In particular, counsel acknowledges that the Commonwealth presented sufficient evidence to sustain Appellant's conviction for indecent assault, Appellant's challenges to the weight of the evidence and the discretionary aspects of his sentence are waived for failure to raise either issue in a post-sentence motion, and that Appellant's sentence is lawful. *Id.* at 16-23. We will address each of counsel's claims in turn.

First, we address Appellant's challenge to the sufficiency of the evidence. Our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact[-]finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth may not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Lambert*, 795 A.2d 1010, 1014–1015 (Pa. Super. 2002) (citations omitted).

Section 3126 of the Pennsylvania Crimes Code defines indecent assault, in relevant part, as follows:

> **(a) Offense defined**. --A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:
>
> > **(1)** the person does so without the complainant's consent[.]

- 7 -

18 Pa.C.S.A. § 3126(a)(1). "Indecent contact" is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." *Id.* at § 3101. In a recent opinion, our Supreme Court explained that the "phrase 'sexual and other inmate parts' . . . is not limited to only sexual body parts, but rather, was intended to mean a body part that is personal and private, and which the person ordinarily allows to be touched only by people with whom the person has a close personal relationship, and one which is commonly associated with sexual relations or intimacy." *Commonwealth v. Gamby*, 283 A.3d 298, 314 (Pa. 2022) (holding that the phrase "sexual or other intimate parts" includes a victim's neck).

At trial, Victim testified regarding the events of April 8, 2020. In particular, Victim explained that, before she left Appellant's room on the night in question, Appellant "started touching [her] from [her] lower back all the way up" both "above [her] clothes and then . . . underneath [her] clothes," even after she asked him to stop. N.T. Trial, 3/9/22, at 28 and 30. Further, Victim testified that, after Appellant entered her room, he touched her breast and vaginal area without her consent. *Id.* at 30-31. As this Court previously indicated, such testimony is sufficient to sustain a conviction for indecent assault. *See Commonwealth v. Richter*, 676 A.2d 1232, 1236 (Pa. Super. 1996), *aff'd,* 711 A.2d 464 (Pa. Super. 1998) (holding that evidence that the appellant fondled the victim's breasts was sufficient to sustain a conviction for indecent assault). In light of the foregoing, we agree that the Commonwealth

presented sufficient evidence to support Appellant's conviction of indecent assault.

Next, we address a conceivable challenge to the weight of the evidence and the discretionary aspects of Appellant's sentence. Upon review, we conclude that both issues are waived. Indeed, Appellant did not challenge the weight of the evidence either orally or by written motion before sentencing, nor did he address this issue by way of a post-sentence motion. Thus, this issue is waived. **See** Pa.R.Crim.P. 607(A); **see also Commonwealth v. Sherwood**, 983 A.3d 483, 494 (Pa. 2009) (stating that a challenge to the weight of the evidence is waived unless it is first presented to the trial court). Similarly, Appellant did not file a post-sentence motion challenging the discretionary aspects of his sentence and, as such, Appellant's claim is waived. **See** Pa.R.Crim.P. 720; **see also Commonwealth v. Cook**, 941 A.2d 7, 11 (Pa. Super. 2007) (explaining that an appellant must properly preserve a challenge to the discretionary aspects of his sentence by filing a motion to reconsider and modify sentence). Therefore, we agree with counsel's assessment that, because Appellant waived his claims, "pursing th[e] matter on direct appeal is frivolous." **Commonwealth v. Kalichak**, 943 A.2d 285, 291 (Pa. Super. 2008).

Finally, we consider Appellant's challenge to the legality of his sentence.[3]

This Court has stated:

> Issues relating to the legality of a sentence are questions of law. When the legality of a sentence is at issue, our standard of review over such questions is *de novo* and our scope of review is plenary. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated.

***Commonwealth v. Ramos***, 197 A.3d 766, 768–769 (Pa. Super. 2018). (internal citations, quotations, and ellipses omitted).

Pursuant to Section 3126(b)(1), "an offense under subsection (a)(1)," (indecent assault without consent), "is a misdemeanor of the second degree." 18 Pa.C.S.A. § 3126(b)(1). As a misdemeanor of the second degree, a trial court is permitted to sentence a "person convicted thereof . . . to a term of imprisonment, the maximum of which is not more than two years." 18 Pa.C.S.A. § 106(b)(7). Herein, on May 2, 2022, the trial court sentence Appellant to one to two years' imprisonment for his conviction of indecent assault. ***See*** N.T. Sentencing Hearing, 5/2/22, at 20, ***see also*** Trial Court

---

[3] In general, issues not properly raised and preserved before the trial court "are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "A challenge that implicates the legality of an appellant's sentence, however, is an exception to this issue preservation requirement." ***Commonwealth v. Thorne***, 276 A.3d 1192, 1196 (Pa. 2022). "Stated succinctly, an appellate court can address an appellant's challenge to the legality of his sentence even if that issue was not preserved in the trial court; indeed, an appellate court may [even] raise and address such an issue *sua sponte*." ***Id.***, ***Commonwealth v. Hill***, 238 A.3d 399, 407 (Pa. 2020). Hence, Appellant's failure to challenge the legality of his sentence before the trial court would not preclude our review of this issue.

Order, 5/2/22, at 1.  Hence, Appellant's sentence is lawful, and we agree with counsel that any challenge on such a basis is frivolous.

We have independently considered the issues raised within counsel's *Anders* brief and we have determined that the claims are frivolous.  In addition, after an independent review of the entire record, we see nothing that might arguably support this appeal.  The appeal is, therefore, wholly frivolous.  Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw appearance granted. Judgment of sentence affirmed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/12/2023

- 11 -